DONALD KEITH, Appellant, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Respondent.

Second Department, June 23, 1986

**APPEARANCES OF COUNSEL**

*Bertram Herman, P. C.,* for appellant.

*A. Paul Goldblum* for respondent.

**OPINION OF THE COURT**

LAZER, J. P.

At issue is the timeliness of an insurance company's denial of a no-fault claim. Resolution of the issue involves consideration of a rather complex series of governmental requirements relative to the time available to an insurance company to deny such a claim.

The plaintiff Donald Keith was injured in an automobile accident on April 8, 1984 and was treated for his injuries at Booth Memorial Hospital. On May 24, 1984, the defendant insurer, Liberty Mutual Fire Insurance Company, received Keith's application for benefits under the no-fault provisions of the policy it issued, and by letter dated June 14, 1984, it requested Keith's hospital records from Booth Memorial Hospital. Those records, received by Liberty Mutual on July 16,

1984, indicated that Keith had alcohol on his breath when he was examined shortly after the accident. On August 8, 1984, Liberty Mutual requested that the hospital provide copies of Keith's blood test reports, which had not been included in the original package the hospital had sent. The company received the reports on August 27, 1984, and on September 14, 1984, it denied the claim, stating only that "[s]ince claimant was intoxicated as defined by the New York Vehicle & Traffic Law all no-fault benefits are denied".

Keith then commenced this action for a judgment declaring his right to no-fault benefits. After joinder of issue, he moved to strike the affirmative defense of intoxication and for summary judgment in his favor, contending that the defendant's notice denying his application for no-fault benefits was deficient in two respects: (1) it was untimely as a matter of law, and (2) even if timely, it was incomplete. Special Term denied his motion on the ground that issues of fact existed.

■ Keith's contention concerning the completeness of the denial borders on the frivolous. The claim is that the notice of denial was deficient because it failed to state that Keith's intoxication was the cause of his injuries. Such a notice need only "apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" *(General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864)*. It does not have to establish a prima facie defense. Even without alleging causation, the notice clearly refers to the statutory defense of intoxication (Insurance Law § 5103 [b] [2]) and the corresponding policy provision; it was therefore sufficient.

Keith's more significant argument concerns the timing of Liberty Mutual's denial of his claim. One of the purposes of the No-Fault Law (Comprehensive Motor Vehicle Insurance Reparations Act, Insurance Law § 5101 *et seq.)* is, of course, to provide prompt compensation for the economic loss accompanying the personal injuries which result from automobile accidents *(see, Matter of Granger v Urda, 44 NY2d 91, 98)*. Insurance Law § 3420 (d) requires that an insurer disclaim liability or deny coverage under a liability insurance policy by "written notice as soon as is reasonably possible". Although a no-fault provision is part of a liability insurance policy (Insurance Law § 5103 [a]) and Insurance Law § 3420 (d) has been held applicable to a no-fault policy *(see, Nahmias v Merchants Mut. Ins. Co., 91 AD2d 680)*, the Insurance Law contains a more specific time requirement with respect to no-fault claims. Insurance Law § 5106 (a) provides that first-party benefits are

overdue if not paid within 30 days of submission of proof of the entire claim.

Pursuant to his statutory authority (Insurance Law § 301), the Superintendent of Insurance has promulgated regulations for measuring the 30-day period (11 NYCRR 65.15 [a]-[f]), and it is those regulations that provide the standard by which we evaluate timeliness in the instant case *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110, 118-119, *affd* 65 NY2d 807).* The regulations construe the statutes as requiring payment or denial of the claim, in whole or in part, within 30 calendar days after the insurer receives all of the verification of the claim to which it is entitled (11 NYCRR 65.15 [f] [1], [3]). In addition, where the insurer rests its denial of no-fault benefits on the statutory exception from coverage of persons who are injured as a result of driving a motor vehicle while intoxicated (Insurance Law § 5103 [b] [2]), the regulations contain the separate requirement that the insurer notify the applicant of its decision to deny benefits within 10 business days of when the determination to deny is made (11 NYCRR 65.15 [f] [5] [iii]). As we view the record, Liberty Mutual has complied with the 30-calendar-day requirement but there is an issue of fact concerning its compliance with the 10-business-day requirement relative to intoxicated drivers.

Although the clock does not begin to run on the 30-calendar-day requirement until the insurer receives all of the necessary verification (11 NYCRR 65.15 [f] [1], [3]), the insurer's lack of diligence in obtaining the verification may reduce the 30-day period even before verification is obtained *(see,* 11 NYCRR 65.15 [f] [10]). Indeed, most of our current analysis deals with Liberty Mutual's diligence—or lack of it—as it relates to the Insurance Department's specific time requirements at various stages of the verification process.

Keith's application for no-fault benefits was received by Liberty Mutual on May 24, 1984, but the company's first request for verification by a request for hospital records was not made until 14 business days later. Since the regulation requires this request to be made within 10 business days *(see,* 11 NYCRR 65.15 [d] [1]), Liberty Mutual's 30 calendar days to pay or deny after verification must be reduced by these extra 4 days, thus leaving 26 days *(see,* 11 NYCRR 65.15 [f] [10]). The hospital records did not arrive until July 16, 1984, 32 calendar days later, but since the insurer is not required to follow up a request for hospital records until 40 calendar days

have elapsed *(see,* 11 NYCRR 65.15 [e] [2]), Liberty Mutual's time to pay or deny was unaffected by the 32-day delay. As it turned out, the hospital records Liberty Mutual received did not include Keith's blood test reports, and the company was clearly entitled to them *(see,* 11 NYCRR 65.15 [d] [1]; [f] [6]). It did not request them, however, until August 8, 1984, 17 business days later, thus exceeding the permitted 10 business days by 7 *(see,* 11 NYCRR 65.15 [d] [2]). Those 7 days are therefore chargeable against the 30-calendar-day allowance *(see,* 11 NYCRR 65.15 [f] [10]), thus reducing the remaining 26 calendar days to pay or deny to 19. The blood test results were received on August 27, 1984. Liberty Mutual denied the claim on September 14, 1984, 18 calendar days later. Its denial was thus within the statutory 30-day period.

Whether Liberty Mutual complied with the separate time requirement for a denial of no-fault benefits on the ground of intoxication is not clear at all. Under the intoxication standard (11 NYCRR 65.15 [f] [5] [iii]), when the insurer denies a claim on such a basis it must notify the applicant of its intention to do so within 10 business days after making the decision to deny. Thus, it is the date of the denial decision that commences the 10-day period. Although Liberty Mutual's denial of the claim came 14 business days after it received the blood-test reports, neither party has presented any evidence with respect to when the decision to deny was made and there is no basis in the record for us to conclude that the determination to deny was made before or after the first 4 business days following receipt of those reports. Whether Liberty Mutual satisfied the 10-business-day standard therefore depends upon resolution of the fact issue of when the decision to deny payment was made. With that issue outstanding, denial of the motion to strike the intoxication defense and for summary judgment in the plaintiff's favor was correct.

Accordingly, there should be an affirmance.

BRACKEN, WEINSTEIN and KUNZEMAN, JJ., concur.

Order of the Supreme Court, Queens County, dated April 10, 1985, affirmed, with costs.