■ IAN BENNETT, Respondent, v STATE FARM INSURANCE COMPANY, Appellant. (And Two Other Related Actions.)—Mikoll, J. Appeal from an amended judgment of the Supreme Court (Klein, J.), entered January 8, 1988 in Ulster County, upon a decision of the court, without a jury, in favor of Ian Bennett.

Ian Bennett was the owner and operator of a motor vehicle which was involved in a one-car accident at about 5:00 A.M. on Sunday morning, December 22, 1985 in the Town of Marbletown, Ulster County. Kathy Smith was a passenger in Bennett's vehicle when it left the road and struck a tree, injuring both Bennett and Smith. Bennett was unconscious at the accident scene. He was taken to a nearby hospital where he reportedly consented to a blood alcohol test. He was subsequently transferred to another hospital where he remained 4 to 5 weeks. Bennett's automobile insurance policy included no-fault coverage issued by State Farm Mutual Automobile Insurance Company (hereinafter State Farm).

The accident was first reported to State Farm on December 26, 1985 and claims representative Chrisantly Sofologis was assigned to the claim. Sofologis said she had several phone conversations with Bennett and believed that Bennett told her there was no police agency involved with the accident. However, State Farm received a form from the local hospital on January 24, 1986 indicating that a blood alcohol sample was taken from Bennett on the morning of the accident. Bennett's application for no-fault benefits was received by State Farm on February 13, 1986. State Farm did not make any inquiries of the police until April 1986. On June 12, 1986, State Farm received a police report indicating that Bennett had been charged with driving while intoxicated after the accident. On June 20, 1986 State Farm issued a denial of claim form to Bennett stating that coverage was denied because "[t]he police report indicates you were ticketed for [Vehicle and Traffic Law § 1192 (3)]". This form also requested a copy of the blood alcohol test results. The driving while intoxicated charge was subsequently dismissed by an Ulster County Grand Jury.

Three separate actions are involved in this appeal: (1) Bennett sought $800 in disability benefits under the no-fault protection, (2) Bennett sought a declaratory judgment entitling him to no-fault benefits, and (3) State Farm sought reimbursement of $27,366.49 in benefits paid to Bennett under the policy. Supreme Court granted judgment in favor of Bennett on all three actions, awarded Bennett counsel fees and interest on past-due payments, and dismissed State Farm's complaint. State Farm now appeals.

Initially, we note that State Farm properly asserts that a conviction for driving while intoxicated is not necessary before an insurer is authorized to deny no-fault coverage based on the intoxication exclusion (Insurance Law § 5103 [b] [2]; *Fafinsky v Reliance Ins. Co.*, 65 NY2d 990, 992). However, Bennett's contention that the denial of no-fault coverage benefits was untimely as a matter of law is meritorious.

Insurance Law § 5106 (a) provides that "[p]ayments of first party benefits * * * shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained" *(see also,* 11 NYCRR 65.15 [f] [1], [3]). The Superintendent of Insurance has promulgated rules and regulations governing the settlement of claims for first-party benefits *(see,* 11 NYCRR 65.15 [a]). Thus, "[n]o-fault benefits are overdue if not paid within 30 calendar days after the insurer receives verification of all of the relevant information requested pursuant to subdivision (d) of this section" (11 NYCRR 65.15 [f] [1]). "Within 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part" (11 NYCRR 65.15 [f] [3]). The claim procedure is further spelled out in 11 NYCRR 65.15 (d) which defines the time limits for the claim process. "Within 10 business days after receipt of the completed application for motor vehicle no-fault benefits, the insurer shall forward, to the parties required to complete them, those prescribed verification forms it will require prior to payment of the initial claim" (11 NYCRR 65.15 [d] [1]). The insurer has, after receipt of a completed prescribed verification form, 10 business days to request any additional verification (11 NYCRR 65.15 [d] [2]).

In the case at bar, State Farm received Bennett's application for no-fault benefits on February 13, 1986. State Farm then had 10 business days to request additional verification. Despite having received a "Hospital Facility Form" on January 24, 1986 (indicating a blood alcohol test had been conducted), State Farm did not request any additional verification

until it requested the police report in late April 1986. State Farm's tardiness in this respect was clearly in violation of 11 NYCRR 65.15 (d) (2). This tardiness in seeking verification reduced to zero the 30-day period that State Farm had to accept or deny Bennett's application for benefits (11 NYCRR 65.15 [f] [10]; *see, Keith v Liberty Mut. Fire Ins. Co.,* 118 AD2d 151, 154). Consequently, State Farm's time to decide to accept or reject Bennett's claim for no-fault benefits had expired upon its receipt. Accordingly, payment of benefits was overdue immediately upon receipt of the claim. Therefore, State Farm's June 20, 1986 denial of Bennett's claim was clearly untimely. Additionally, State Farm did not diligently investigate Bennett's claim in violation of its duty to act expeditiously in such matters *(see,* 11 NYCRR 65.15 [a] [1]). Although the statute does not expressly provide for the preclusion of the insurer from denying or disclaiming benefits because of such untimeliness and lack of diligence, the structure of the Insurance Law and implementing regulations compel the conclusion that preclusion is a proper remedy.

We reject State Farm's argument that Bennett should be estopped from asserting State Farm's untimeliness in its denial of his no-fault benefits claim because of Bennett's alleged misrepresentations to State Farm's claim representative concerning police involvement and his noncooperation in the investigation of the claim. State Farm supplies no valid authority for this proposition. Insurance Law § 3105 is inapplicable here. Since the No-Fault Law is "in derogation of the common law which required a finding of fault as a prerequisite to recovery, it is to be strictly construed to avoid abrogating the common law beyond the clear impact of the statutory language" *(Maxwell v State Farm Mut. Auto. Ins. Co.,* 92 AD2d 1049, 1050). As the no-fault statute does not provide the defense of noncooperation of the insured in an action to recover benefits, it would be improper for a court to do so *(supra).*

Amended judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.