■ RICHARD LOUDERMILK, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—Harvey, J. Appeals (1) from an order of the Supreme Court (McDermott, J.), entered October 15, 1990 in Albany County, which, *inter alia,* granted plaintiff's motion for a directed verdict, and (2) from the judgment entered thereon.

On September 22, 1986 at approximately 11:07 P.M., plaintiff, who was operating his mother's automobile, was involved in an automobile accident at the intersection of Consaul Road and State Route 155 in the Town of Colonie, Albany County. Plaintiff admitted that he had consumed a few beers prior to the collision. As a result of the accident, plaintiff suffered serious injuries that required hospitalization. At the hospital, plaintiff apparently consented to a blood alcohol test which indicated that he was intoxicated.

Thereafter, pursuant to his mother's insurance policy with defendant (which was in force at the time of the accident), plaintiff applied to defendant for first-party no-fault benefits. Defendant denied plaintiff's application based on plaintiff's alleged intoxication. Plaintiff then commenced this action seeking to recover first-party no-fault benefits pursuant to the insurance policy. A jury trial was held. At the close of defendant's case, plaintiff's motion for a directed verdict in his favor was granted. Plaintiff was awarded damages by Supreme Court for medical expenses and loss of wages. This appeal by defendant followed.

Initially, defendant contends that Supreme Court improperly granted plaintiff's motion for a directed verdict. We disagree. While defendant persuasively argues that the jury in this case could have rationally determined, based upon the trial evidence, that plaintiff's injuries were caused by his operation of a motor vehicle while intoxicated in violation of the express terms of defendant's policy, this fact does not change the final result in this case. In the case at bar, the verdict was directed in plaintiff's favor because defendant's denial of no-fault coverage benefits was untimely as a matter of law (see, Bennett v State Farm Ins. Co., 147 AD2d 779, 780). Pursuant to 11 NYCRR 65.15 (d) (1), an insurance company has 10 business days (commencing on the date that a completed request for motor vehicle no-fault benefits is received) to forward verification forms to the party seeking no-fault benefits. Further, a claim is overdue if it is not paid or denied within 30 days of the insurance company's receipt of the claim's supporting proof (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [f] [3]).

Here, although defendant received plaintiff's claim for no-fault benefits on November 5, 1986, plaintiff did not receive claim verification forms within 10 days following the submission of this claim. By notice dated January 8, 1987, defendant denied plaintiff's claim for no-fault benefits based upon the policy's exclusion for injuries sustained while driving intoxicated. While it is permissible for an insurance policy to contain such an exclusion (see, 11 NYCRR 65.15), where, in a case such as this, an insurance company fails to either verify a claim or deny an unverified claim within 10 days of receipt of the claim, preclusion of the insurance company's ability to deny the claim is the appropriate remedy (see, Bennett v State Farm Ins. Co., supra, at 781). Accordingly, Supreme Court properly directed the verdict in plaintiff's favor.

As a final matter, we must agree with defendant's alternative argument that this matter should be remitted for a new trial as to damages only. What is the appropriate amount to be awarded for loss of earnings is normally a jury question (see, e.g., Collins v McGinley, 158 AD2d 151, 154, appeal dismissed 77 NY2d 902; 36 NY Jur 2d, Damages, § 198, at 333-335). Moreover, although plaintiff's medical bills were admitted into evidence, there was no proof offered as to the reasonableness of these bills that would have supported the court's award (see, 36 NY Jur 2d, Damages, § 194, at 327-328). Accordingly, a new trial is necessary on damages alone.

Mahoney, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as awarded plaintiff damages and interest; matter remitted to the Supreme Court for a new trial as to damages only; and, as so modified, affirmed.