■ FUAD M. MIRZA, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent.—In an action pursuant to CPLR 3001, for a judgment declaring that the defendant Allstate Insurance Company is required to afford no-fault benefits to the plaintiff, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated May 25, 1990, as amended September 20, 1990, which denied his motion for summary judgment, and, upon searching the record, held that the defendant's postponement of its decision to disclaim coverage pending receipt of the report of its reviewing agent was reasonable.

Ordered that the order dated May 25, 1990, as amended September 20, 1990, is modified, on the law, by deleting the provision thereof which, upon searching the record, held that the defendant's postponement of its decision to disclaim coverage pending receipt of the report of its reviewing agent was reasonable; as so modified, the order, as amended, is affirmed, without costs or disbursements.

On January 27, 1989, the plaintiff Fuad Michael Mirza was in an automobile accident. Mirza notified his no-fault insurance carrier, the defendant Allstate Insurance Company (hereinafter Allstate), of the accident, and applied for benefits. On February 28, 1989, Allstate sent forms to the health providers listed by Mirza. On April 10, 1989, Allstate received the bills from Winthrop University Hospital, which treated Mirza after the accident, and contacted the hospital, requesting that records be sent. On April 24, 1989, Allstate received the records.

On May 9, 1989, Allstate requested a toxicology report, which it received on June 2, 1989. Following receipt of the toxicology report, Allstate sent the records to Concepts East, an independent medical reviewing agency. On July 6, 1989, Allstate received a report from Concepts East. On the same day, Allstate issued a denial of Mirza's claim on the ground that Mirza was intoxicated at the time of the accident.

In October 1989 Mirza commenced this action against Allstate pursuant to CPLR 3001, for a judgment declaring that Allstate is required to afford no-fault benefits to him, and requesting an award pursuant to Insurance Law § 5106 for counsel fees, on the ground that Allstate's denial of coverage was tardy (see, Insurance Law § 5106; 11 NYCRR 65.15 [g] [1]), and, as a result, invalid (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1030; Massachusetts Bay Ins. Co. v Pendleton, 159 AD2d 770). After issue was joined, Mirza moved for summary judgment in his favor based upon Allstate's admitted delay in denying his claim. In opposing the motion for summary judgment, Allstate argued that its delay was based upon the delay by Concepts East in reviewing the toxicology report.

In its order dated May 25, 1990, as amended September 20, 1990, the Supreme Court found that there were issues of fact which precluded granting summary judgment in Mirza's favor and further held that, as a matter of law, Allstate's delay in disclaiming coverage was reasonable.

We disagree, and hold that issues of fact exist as to whether Allstate's delay was reasonable (see, Insurance Law § 3420 [d]; Greater N. Y. Sav. Bank v Travelers Ins. Co., 173 AD2d 521). Inasmuch as issues of fact exist as to the reasonableness of the delay (see, Greater N. Y. Sav. Bank v Travelers Ins. Co., supra; see also, Bennett v State Farm Ins. Co., 147 AD2d 779), we modify the order of the court, as amended, by deleting the provision which searches the record and finds that Allstate's delay was reasonable as a matter of law.

In light of our determination, we decline to address the remaining issues raised on appeal. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.