■ St. Clare's Hospital, as Assignee of Jimmy Maldonado, et al., Respondents, v Allcity Insurance Company, Appellant. [608 NYS2d 325] —In an action, inter alia, pursuant to Insurance Law § 5106 by a hospital as the assignee of a

patient to recover unpaid benefits due under the no-fault provisions of the Insurance Law, the defendant insurer appeals from (1) so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated December 2, 1991, as denied its cross motion for summary judgment, and (2) stated portions of an order of the same court, dated March 10, 1993, which, *inter alia,* (a) granted the plaintiffs' motion to renew and reargue their application for summary judgment and, upon reargument, granted summary judgment to the plaintiffs, and (b) denied its cross motion denominated as one to renew and reargue its prior cross motion for summary judgment.

Ordered that the order dated December 2, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated March 10, 1993, as denied the defendant's cross motion denominated as one for renewal and reargument is dismissed; and it is further,

Ordered that the order dated March 10, 1993, is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The defendant's cross motion, characterized as one for renewal and reargument of the denial of summary judgment, was not based on new facts which were unavailable at the time it submitted its application and was therefore, actually a cross motion to reargue, the denial of which is not appealable *(see, e.g., Mgrditchian v Donato,* 141 AD2d 513; *Matter of Bosco,* 141 AD2d 639; *Matter of Kadish v Colombo,* 121 AD2d 722).

Service by mail is deemed complete pursuant to CPLR 2103 when, as here, a properly stamped and addressed letter is delivered to the custody of the United States Post Office *(see, Watt v New York City Tr. Auth.,* 97 AD2d 466). A properly executed affidavit of service raises a presumption that a proper mailing occurred *(see, Engel v Lichterman,* 62 NY2d 943). The mere denial of receipt is insufficient to rebut the presumption of delivery *(see, Quantum Heating Servs. v Austern,* 100 AD2d 843, 844; *Engel v Lichterman,* 95 AD2d 536, 539, *affd* 62 NY2d 943, *supra; DeForte v Doctors Hosp.,* 66 AD2d 792; *Morris v Smithline,* 145 Misc 2d 772, 774). The defendant's counsel did not state that there was no notice received but that he never obtained "sufficient written notice". As such, the defendant's argument that a hearing was neces-

sary is without merit and the court was free to decide the issue based on the presumption of mailing and receipt.

The defendant is correct in asserting that an insured (or in this case the plaintiff St. Clare's Hospital) must give notice to the insurer within the time limit provided in the insurance policy and that, absent a reasonable excuse, failure to satisfy the notice requirements vitiates coverage *(see, Eveready Ins. Co. v Saunders,* 149 AD2d 456). While it is undisputed that the notice given almost three years after the accident and treatment was untimely, the failure of the defendant to respond to the notice sent pursuant to the no-fault statute deprives it of this defense *(see, Loudermilk v Allstate Ins. Co.,* 178 AD2d 897; *Bennett v State Farm Ins. Co.,* 147 AD2d 779).

It was incumbent upon the defendant to deny the claim and set forth its defenses within 30 days as required by Insurance Law § 5106 (a), which states, "Payments of first-party benefits and additional first-party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained." This language comports with 11 NYCRR 65.15 (g) (3), which states, "Within 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part."

As to the defendant's contention that the claim is deficient and lacking sufficient specificity, 11 NYCRR 65.15 (d) provides that the insurer may, within 10 days upon receipt of the claim, seek verification. This was not done in the instant matter and the defendant may not now claim that the NF-5 and UBF-1 forms required by the statute were deficient.

Venue should be placed "in the county in which one of the parties resided when [the action is] commenced" (CPLR 503 [a]). As the assignee's counsel was a named party at the time of the commencement of the action, albeit incorrectly, Nassau County was proper venue at the time and it was not an improvident exercise of discretion for the court to deny the defendant's application for a change of venue. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.