■ ANTHONY LaHENDRO, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant. [632 NYS2d 720] —Mercure, J. P. Appeal from an order of the Supreme Court (Viscardi, J.), entered September 28, 1994 in Essex County, which granted plaintiff's motion for summary judgment.

On August 10, 1991, plaintiff was injured in a one-car accident in the Town of Ticonderoga, Essex County. Defendant, the insurer of the vehicle, received notice of the accident on August 12, 1991. Between then and October 21, 1991, defendant sought and obtained (1) an application for no-fault benefits on behalf of plaintiff, and (2) police, hospital and medical reports concerning the accident, the treatment of plaintiff and the results of examinations and tests performed in connection therewith.

Because those materials led defendant to suspect that the accident may have been alcohol related, defendant engaged Health Cost Containment Associates and a Ph.D. biochemist to investigate the matter. On December 2, 1991, defendant received a report stating the opinion that plaintiff's blood alcohol content at the time of the accident was in excess of the legal maximum and that there was a legally sufficient chain of custody of the samples of plaintiff's blood. On December 3, 1991, defendant gave plaintiff notice of its denial of no-fault benefits.

Plaintiff subsequently commenced this action for, *inter alia*, a declaration that defendant's denial of coverage was untimely and that plaintiff is entitled to no-fault benefits. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court granted the motion and defendant appeals.

We affirm. We are not persuaded by the contention that the 30-day period within which defendant was required to either accept or deny plaintiff's application for no-fault benefits (*see*, Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [1] [i]) did not commence until defendant received Health Cost Containment Associates' report on December 2, 1991. As correctly determined by Supreme Court, proof of plaintiff's claim was complete on October 21, 1991, when defendant received the last of the requested items necessary to verify the claim (11 NYCRR 65.15 [d] [1]) and possessed "all available information relating to [plaintiff's] condition at the time of the accident" (11 NYCRR 65.15 [g] [7]). In our view, defendant's decision to then engage its own experts to analyze the data so supplied and to render an opinion thereon did not serve to extend the 30-day period. Finally, to the extent that the decision of the Second Department in *Mirza v Allstate Ins. Co.* (185 AD2d 303) may be interpreted as supporting a contrary result, we decline to follow it (*see*, *St. Clare's Hosp. v Allcity Ins. Co.*, 201 AD2d 718; *Loudermilk v Allstate Ins. Co.*, 178 AD2d 897; *Bennett v State Farm Ins. Co.*, 147 AD2d 779).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.