■ PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Appellant, v MARYLAND CASUALTY Co., Respondent. [641 NYS2d 395] —On the court's own motion, it is,

Ordered that the unpublished decision and order of this Court dated February 20, 1996, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover no-fault medical payments under an

insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated May 3, 1995, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for (1) the determination of the appropriate amount of an award of attorney's fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated pursuant thereto, and (2) the entry of a judgment in favor of the plaintiff and against the defendant in the principal sum of $12,801.77, plus appropriate interest and attorney's fees.

Karen DeGuisto was injured in an automobile accident on December 26, 1993. At the time of the accident, DeGuisto was covered by the defendant's no-fault insurance policy.

On November 15, 1994, the plaintiff Presbyterian Hospital in the City of New York, as DeGuisto's assignee, sent the defendant, by certified mail, a Hospital Facility Form (NYS Form N-F5; see, 11 NYCRR 65.15 [d] [6]), for payment of its hospital bill in the principal sum of $12,801.77. It was received by the defendant on November 21, 1994. Thereafter, the plaintiff commenced the instant action to recover the sum of $12,801.77. In opposition to the plaintiff's motion for summary judgment, the defendant submitted to the Supreme Court a Denial of Claim Form (NYS Form N-F10) dated December 5, 1994, which relied on DeGuisto's alleged violation of the insurance policy, i.e., her alleged intoxication at the time of the accident. However, this form did not comply with the applicable no-fault regulations (see, 11 NYCRR 65.15 [c] [3]), in that it omitted numerous items of requested information. Moreover, no proof was submitted by the defendant to the Supreme Court that this form was issued to the plaintiff "[w]ithin 30 calendar days after [the] proof of claim [was] received" (11 NYCRR 65.15 [g] [3]). It is well settled that "[t]he No-Fault Law is in derogation of the common law and so must be strictly construed" (see, Presbyterian Hosp. v Atlantic Cas. Co., 210 AD2d 210, 211; Bennett v State Farm Ins. Co., 147 AD2d 779, 781).

In view of the defendant's failure to establish that it issued to the plaintiff a properly completed Denial of Claim Form within the required 30-day period, it is precluded from raising the defense of DeGuisto's intoxication (see, Presbyterian Hosp. v Atlantic Cas. Co., supra, at 211; Bennett v State Farm Ins. Co., supra, at 781). The defendant argues that it is not so precluded due to the language of 11 NYCRR 65.15 (g) (5) which was added to the applicable no-fault regulations in 1988.

However, nothing in the language in 11 NYCRR 65.15 (g) (5) extends the 30-day limit set forth in 11 NYCRR 65.15 (g) (3). Accordingly, the plaintiff's motion for summary judgment must be granted. Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.