■ PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Respondents, v AETNA CASUALTY & SURETY COMPANY, Appellant. [650 NYS2d 255] —In an action, *inter alia,* pursuant to Insurance Law § 5106 by the plaintiff hospital, as assignee of a patient, to recover benefits under the no-fault provisions of the Insurance Law, the defendant appeals from (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 22, 1994, which granted the plaintiffs' motion for summary judgment and denied the defendant's cross motion, *inter alia,* for summary judgment, and (2) a judgment of the same court (Levitt, J.), entered March 22, 1995, which, after a hearing, was in favor of the plaintiffs and against the defendant in the principal sum of $153,977.13.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

On July 10, 1992, Edward McNair was seriously injured in an automobile accident. After one day at Vassar Brothers Hospital, he was flown to the plaintiff Presbyterian Hospital in the City of New York (hereinafter Presbyterian Hospital), where he remained hospitalized through September 16, 1992. Presbyterian Hospital filed a claim as assignee of McNair's no-fault coverage, mailing a copy of McNair's complete Presbyterian Hospital record to the defendant on October 26, 1992, and submitting forms N-F 5 and UBF-1 on November 25, 1992. By letter dated November 13, 1992, Aetna Casualty & Surety Company (hereinafter Aetna) advised Presbyterian Hospital that its claim would only be considered after it had received a

copy of McNair's Vassar Brothers Hospital record, which had been "requested * * * under separate cover", and which was believed to contain McNair's post-accident blood-alcohol reading.

Aetna did not follow up on this request, and did not receive the Vassar Brothers Hospital record until February 26, 1993. Thereafter, on March 2, 1993, Aetna disclaimed coverage on the ground that McNair had been intoxicated at the time of his accident.

Presbyterian Hospital moved for summary judgment on the ground that Aetna had failed to pay or deny its claim within 30 days after receiving proof thereof, in violation of Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3). Countering that it only had full proof of Presbyterian Hospital's claim when it received the Vassar Brothers Hospital record on February 26, 1993, Aetna cross-moved for summary judgment. The court granted the motion by Presbyterian Hospital, finding that Aetna had failed to adhere to the follow-up procedures and timetable for "verification" set out in 11 NYCRR 65.15 (e) (2).

Following a hearing held to determine the amount Aetna owed Presbyterian Hospital, a judgment was entered in the principal sum of $153,977.13 on March 22, 1995.

When an insurance company fails to comply with its duty to act expeditiously in processing no-fault claims, it will be precluded from raising most defenses (see, e.g., Presbyterian Hosp. v Maryland Cas. Co., 226 AD2d 613; LaHendro v Travelers Ins. Co., 220 AD2d 971; Presbyterian Hosp. v Atlanta Cas. Co., 210 AD2d 210; Loudermilk v Allstate Ins. Co., 178 AD2d 897; Bennett v State Farm Ins. Co., 147 AD2d 779). This is because the very purpose of the no-fault law was to ensure the " 'swift reimbursement of accident victims * * * who had serious injuries' " (Pavone v Aetna Cas. & Sur. Co., 91 Misc 2d 658, 663), with "as little litigation as possible" (Matter of Furstenberg [Aetna Cas. & Sur. Co.], 67 AD2d 580, 583, revd on other grounds 49 NY2d 757).

According to 11 NYCRR 65.15 (e) (2), which must be strictly construed (see, e.g., Presbyterian Hosp. v Atlanta Cas. Co., supra), when an insurance company has not received "verification" within 30 days after requesting it, it must, within the ensuing 10 days, "follow up" with a second request, documenting the second request in the file and notifying the applicant or the applicant's attorney (see also, 11 NYCRR 65.15 [g] [2] [iii]).

Here, following its November 13, 1992, request for McNair's Vassar Brothers Hospital record, Aetna did not follow up, merely waiting until the record arrived in the mail on Febru-

ary 26, 1993, and then disclaiming coverage several days later. In consequence, the 30-day period within which the carrier should have either paid or denied the claim *(see,* 11 NYCRR 65.15 [g] [3]) had run "even before verification [was] obtained", due to the carrier's "lack of diligence in obtaining the verification" *(Keith v Liberty Mut. Fire Ins. Co.,* 118 AD2d 151, 154; *see also, Bennett v State Farm Ins. Co.,* 147 AD2d 779, *supra; Loudermilk v Allstate Ins. Co.,* 178 AD2d 897, *supra).*

The remaining issues raised by the defendant are dehors the record, unpreserved for appellate review, or without merit. Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.