■ LILLIAN ARAGONES, Respondent, v STATE OF NEW YORK et al., Appellants. [668 NYS2d 772] —Spain, J. Appeal from a judgment of the Court of Claims (Benza, J.), entered October 10, 1996, upon a decision of the court in favor of claimant.

On August 7, 1989 claimant was involved in an accident on the Thruway when the car in which she was a passenger was struck by a piece of plywood which had fallen from an overpass; the record reveals that the plywood fell from a construction site set up by employees of defendant State Thruway Authority. Claimant brought a negligence suit against the State and the Thruway Authority for failing to safely repair and maintain the highway and failing to warn motorists of a dangerous condition. At the conclusion of claimant's case the Court of Claims granted the State's motion for a directed verdict; however, it reserved decision on the Thruway Authority's motion for the same relief. Following the trial, wherein a medical expert testified on behalf of the claimant and a medical report from the Thruway Authority's medical expert was introduced on behalf of the Thruway Authority, the Court of Claims awarded claimant the sum of $30,000 for pain and suffering and $10,300 for medical expenses. Significantly, in its decision the Court of Claims gave no weight to claimant's medical expert's testimony but rather based its determination on the report of the Thruway Authority's expert. The Thruway Authority appeals.

We affirm. Initially, we note that the Thruway Authority does not contest the Court of Claims' finding that it was negligent in failing to properly maintain the Thruway overpass and the roadway beneath it. However, the Thruway Authority does contend that there was an insufficient basis in the record to make an award of pain and suffering and, further, that claimant failed to submit competent proof of the reasonableness of her medical bills. On appeal our role is to determine whether there is "credible proof in the record to sustain the findings and conclusion of the trial court. In such review the record proof is to be given a view most favorable to sustain the judgment" (*McCall v Town of Middlebury*, 52 AD2d 736 [citation omitted]). Moreover, it is axiomatic that a party bringing a cause of action in negligence has the burden of proving that the negligence of the defendant was a proximate cause of the

injuries (*see, Amisano v State of New York*, 48 AD2d 982, 983, *lv denied* 37 NY2d 710). Further, where there is a preexisting condition a tortfeasor is liable for those separate injuries or the aggravation that his or her conduct has caused (*see, Suria v Shiffman*, 67 NY2d 87, 98; *Derby v Prewitt*, 12 NY2d 100, 106).

Here, although the Court of Claims determined that the testimony of claimant's expert regarding causation was untenable, the court still awarded claimant a general verdict based upon a preponderance of the credible evidence showing that claimant, as a result of the accident, sustained an aggravation of preexisting degenerative arthritis and soft tissue strain of the lumbar and cervical area. When weighing the evidence at the end of a case where both parties had an opportunity to submit all their evidence, the trier of fact has every right to use the opposing party's evidence to support a general verdict in favor of the other party (*see, Galimberti v Carrier Indus.*, 222 AD2d 649). The report of the Thruway Authority's medical expert states, in pertinent part, as follows: "Based on [claimant's] history of not having any immediate symptoms at the time of the accident and not requiring any medical treatment at the time, I feel that she sustained, at the most, a muscle and soft tissue strain of the lumbar and cervical areas and that this strain has resolved at this time and she is left now with ongoing symptoms of her degenerative arthritic preexisting condition."

In our view, a fair reading of this report, coupled with those aspects of claimant's testimony which the Court of Claims found credible and claimant's medical history, could lead a reasonable person to conclude that claimant aggravated a preexisting injury as a result of the Thruway accident (*see, Brooker v State of New York*, 206 AD2d 712).

Finally, we reject the Thruway Authority's contention that claimant failed to prove that the medical expenses she incurred were reasonable and that the treatment was necessary and appropriate to the medical condition being treated. The record reveals that claimant was treated by chiropractors, a neurologist, an orthopedist and a physical therapist for her injuries. Notably, claimant's no-fault carrier paid her medical expenses for these services in the total sum of $10,300 for which a lien was filed (*see*, Insurance Law § 5104 [b]). This evidence, which is supported by claimant's expert testimony indicating that his expenses were reasonable, provides presumptive proof of their reasonableness (*see*, 22 Am Jur 2d, Damages, § 300; *see also, Loudermilk v Allstate Ins. Co.*, 178 AD2d 897). Since the Thruway Authority failed to provide any contradictory evi-

dence to disprove the reasonableness of the treatment or the medical expense, claimant met her burden (*see, Seaman v Berman*, 239 AD2d 738).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.