■ MEDIA LOGIC, INC., Respondent-Appellant, and ROBERT JOEL, Respondent, v XEROX CORPORATION, Appellant-

Respondent. [689 NYS2d 762] —Graffeo, J. Cross appeals from a judgment of the Supreme Court (Teresi, J.), entered December 18, 1997 in Albany County, upon a verdict rendered in favor of plaintiffs.

Plaintiff Media Logic, Inc. leased approximately 8,800 square feet of office space at a building owned by plaintiff Robert Joel, located in the City of Albany. In September 1992, a fire caused extensive damage to the area occupied by Media Logic and its contents. After an investigation revealed that the cause of the fire may have been a copier manufactured by defendant, plaintiffs commenced this action alleging negligence, products liability and breach of warranty.

At the close of proof at a jury trial, defendant moved to dismiss eight of the nine claimed categories of damages. Supreme Court granted the motion in part, striking the testimony of Media Logic's accountant regarding six categories of damages, thereby dismissing these damage claims. At the conclusion of deliberations[1] a verdict was rendered in favor of plaintiff for $252,189, the full amount of the damages sought with respect to the three remaining damage categories.[2] Defendant appeals from the judgment finding it liable and the concomitant damages awarded, with the exception of $10,132 for equipment peripherals, and Media Logic cross-appeals from Supreme Court's dismissal of the six categories of damages.

We first address defendant's challenge to the admissibility of Media Logic's expert witness testimony. Defendant contends that Supreme Court erroneously denied its request to strike the entire testimony of John Keeley, an electrical engineer, on the ground that his testimony was mere conjecture and speculation. Based on his inspection of the machine, Keeley opined that the fire originated in the area of the copier's fuser roll and his causation theory relied on the assumption that a paper jam precipitated overheating of the machine. Evidence in the record, including testing undertaken by defendant, reveals that webbing material was found on the fuser roll, which Keeley testified was a condition that could have caused a paper jam.

Contrary to defendants' contention, we conclude that Supreme Court did not abuse its discretion in its determination that Keeley's testimony was admissible (*see, Price v New York City Hous. Auth.*, 92 NY2d 553, 558), since the record contains a proper foundation to support Keeley's opinion (*see,*

1. Plaintiffs' cause of action in negligence was dismissed during trial.
2. By stipulation of the parties, Joel was awarded $285,756.47.

*Brullo v Schiro,* 239 AD2d 309). Moreover, plaintiffs provided substantial and undisputed evidence eliminating any other potential source of ignition in the area of the fire's origin (*see, e.g., General Acc. Fire & Life Assur. Corp. v North Am. Sys.,* 240 AD2d 920; *compare, Shelden v Hample Equip. Co.,* 89 AD2d 766, 767, *affd* 59 NY2d 618). We determine, therefore, that it was not prejudicial error for Supreme Court to submit Keeley's testimony for consideration by the jury.

With respect to the various items of damages, Media Logic sought recovery of a category of damages referred to as "supplies and vendor items" in the amount of $146,227 based on an extensive list of over 180 items allegedly purchased by Media Logic after the fire for the purpose of replacing destroyed supplies and restoring the office to functioning condition. Due to the fact that Media Logic included certain expenses in this category which were not "replacement items" Supreme Court indicated that the jury would be forced to speculate on the need and/or use of such claimed items and granted defendant's motion to dismiss this category of damages. We disagree and find that the jury should have been provided the opportunity to determine which items were "reasonably calculated to be the result" of the fire (*see, Borne Chem. Co. v Dictrow,* 85 AD2d 646, 651).

Media Logic's president, David Schultz, testified that the list accurately reflected the costs incurred for resumption of its business activities. Richard Bollam, a certified public accountant, testified that he reviewed the relevant invoices and canceled checks which supported Media Logic's contention that the purchase of such supplies and services were necessary as a result of the fire. We reject defendant's argument that Media Logic failed to make the required demonstration that the cost of the items was justified, and find Schultz's uncontested testimony that the expenditures were essential after the premises suffered extensive destruction from the fire to be sufficient. In light of the fact Media Logic lost essential equipment and supplies in the fire, the "supplies and vendor items" damage category shall be remanded for a new trial in the interests of justice (*see, Novak & Co. v Facilities Dev. Corp.,* 116 AD2d 891, 892), but the entries pertaining to the open-house reception and gifts to employees shall be excluded, as more fully discussed hereinafter.

Supreme Court also excluded Media Logic's claim of $164,809 for internal labor costs. We decline to disturb Supreme Court's ruling as there was no evidence presented establishing that increased labor costs were necessary and attributed to the fire

or its aftermath (*cf.*, *Loudermilk v Allstate Ins. Co.*, 178 AD2d 897, 898). Media Logic's employees were salaried and no proof was presented that Media Logic had to expend additional moneys for compensation and/or bonuses, nor was there evidence that work productivity was diminished as a result of the fire. The record does not support a finding that Media Logic was required to pay its employees for overtime, that client-related work was sacrificed for fire-related activities (*compare*, *New York State Thruway Auth. v Civetta Constr. Corp.*, 62 AD2d 530) or that its employees did, in fact, work more hours after the fire. Hence, Supreme Court properly omitted this category of damages (*see generally*, *Lowe v State of New York*, 194 AD2d 898, 899) in the absence of proof that these alleged damages were incurred as a result of defendant's conduct (*see*, *Schultz v Harrison Radiator Div.*, 90 NY2d 311, 320).

Media Logic's assertion that Supreme Court improperly excluded its "employee morale and customer relations" damages in the amount of $46,886 also fails. Included in the itemization of this damage category was the cost of providing Media Logic employees with an extra day off from work, gifts and an overnight party at a hotel, as well as time charged and expenditures related to an open-house reception for its clients. Bollam merely presumed that the costs were incurred to mitigate the negative effects of the fire on employee morale and customer relations (*see*, *Aragones v State of New York*, 247 AD2d 657, 658). Therefore, the record discloses a lack of admissible evidence supporting Media Logic's contention that the fire caused a decline in employee morale or was detrimental to customer relations, or that these expenditures were necessary to ameliorate such problems. In light of the testimony presented, which failed to show that these expenses were necessary and appropriate (*see*, *id.*, at 657), we concur with Supreme Court's ruling to exclude the claim for employee morale and customer relations damages and we further redact those entries on the "supplies and vendor items" list which refer to the open-house reception and employee gifts.

Similarly, Media Logic's claim for $92,000 in new business losses was also properly dismissed by Supreme Court for a failure of proof. Bollam's testimony alleged that in the three years prior to the fire, Media Logic experienced increases in external revenues at a rate of approximately 30%, contrasted with 1%, 18% and 27% growth for the three years subsequent to the fire. After asserting that Media Logic lost $512,000 in gross revenues, Bollam applied an 18% average net pretax profit figure, resulting in a damage claim of $92,000. While the

decline in revenue percentages may have been relevant to a damage claim, plaintiff offered no other evidence to demonstrate how or why it suffered new business losses. Hence, these damages were not "capable of measurement based upon known reliable factors without undue speculation" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403). Although it is not necessary to prove such damages to a mathematical certainty (*see, id.*, at 403; *Bibeau v Ward*, 228 AD2d 943, 946, *lv denied* 89 NY2d 804), Media Logic's inadequate foundation for the assumptions in its expert's calculations and its failure to prove the causal relationship between defendant's conduct and the alleged damage (*see, Bibeau v Ward, supra*, at 946; *Dunlop Tire & Rubber Corp. v FMC Corp.*, 53 AD2d 150, 154) necessitated a dismissal of this damage claim.

We further reject defendant's contention that it was error for Supreme Court to deny its motion to dismiss the $46,881 damage claim for leasehold improvements, including expenses incurred for security and telephone systems. Our review of the record reveals that Media Logic demonstrated the need for certain leasehold repairs as a result of fire damage (*cf., Loudermilk v Allstate Ins. Co.*, 178 AD2d 897, 898, *supra*; *Borne Chem. Co. v Dictrow, supra*, at 651).

Finally, Supreme Court properly allowed the jury to consider evidence regarding damages for equipment and furnishings in the amount of $195,176 in connection with the destruction and replacement of office equipment, computers and furnishings. Bollam testified that this figure represented the replacement costs of each of the destroyed items, less the depreciated value. Although defendant claims that such methodology was flawed and the proper basis to evaluate the lost items was through proof of the fair market value immediately before the fire (*see, Schwartz v Crozier*, 169 AD2d 1003, 1004), Bollam opined that such evaluation was inappropriate in this instance due to the nature of the equipment and the rapidly changing technology associated with it, concluding that it was more accurate to use replacement value, with an adjustment for the increased value of new equipment compared to the old. As there was no evidence by defendant contesting this method of calculating value, we do not view its inclusion in the jury's verdict to be in error (*cf., Jaklitsch v Finnerty*, 96 AD2d 690, 691).

Media Logic's allegation that it was prejudiced by Supreme Court's rulings sustaining numerous general objections by defendant without requiring defendant to state the specific grounds for its objection is without merit. Notably, at no time did Media Logic request from either defendant or the court the

basis of any objection and ruling (*compare*, *People v Keough*, 51 AD2d 808) and, moreover, even on appeal, Media Logic does not claim that the rulings were erroneous.

Lastly, at the close of Media Logic's direct examination of Bollam, Supreme Court called a recess for the weekend and advised Bollam that he was not to discuss the case with counsel since he was at the juncture of cross-examination. Media Logic argues that the admonition prejudiced its ability to fully prepare and present the remainder of its case with regard to the issue of damages. Inasmuch as Media Logic failed to object to the instruction at trial, the issue has not been properly preserved for review (*see*, *Nemia v Nemia*, 124 AD2d 407, 408, *lv denied* 69 NY2d 611) and, in any event, on this record Media Logic has failed to show that it was prejudiced by the ruling (*see*, CPLR 2002; *Mullen v Eswar*, 233 AD2d 376, 377).

We have considered the remaining respective contentions of the parties and have found them to be without merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as excluded the claim of plaintiff Media Logic, Inc. for damages pertaining to supplies and vendor items; matter remitted to the Supreme Court for a new trial of said claim, with the entries pertaining to an open-house reception and gifts for employees to be redacted; and, as so modified, affirmed.