*1128 OPINION OF THE COURT
Peter P. Sweeney, J.
This action to recover first-party no-fault benefits presents a novel issue. After receiving each of the disputed claims, defendant made timely requests for additional verification thereby tolling the 30-day period in which it had to pay or deny the claims. When plaintiff did not provide the verification, defendant made an additional request for the verification 28 calendar days later. When plaintiff failed to provide the verification, defendant denied the claims citing plaintiffs failure to provide the verification as its only defense. The issue presented is whether, under these circumstances, defendant’s denials of claim, all of which were issued more than 30 days after it received the claims, were timely. The court concludes that they were not.
Factual Background
This action involves three claims for first-party no-fault benefits totaling $5,698.45 for electrodiagnostic testing of plaintiffs two assignors. The trial of the action was scheduled for April 19, 2006. At that time, the parties waived their right to a trial and agreed to submit the matter to the court for resolution based on stipulated facts. The parties stipulated that defendant received each of the claims on February 13, 2003; that on February 25, 2003, defendant requested additional verification of each claim, i.e. — a letter of medical necessity from the referring physician; that on March 25, 2003, defendant made a second request for the same verification; that the requested verification was never provided; and that on January 26, 2004, defendant denied each of the claims citing plaintiffs failure to provide verification as its only defense. The claim forms, an assignment of benefits for each assignor, defendant’s first and second requests for verification and defendant’s denials of claim were all stipulated into evidence.
Defendant maintains that it properly denied the claims and that it is therefore entitled to judgment dismissing the action.
Plaintiff maintains that while defendant’s initial requests for additional verification were timely and tolled the 30-day period in which defendant had to pay or deny the claims, the toll was eviscerated when defendant failed to send out a follow-up request for the additional verification within the 10-day time period specified in 11 NYCRR 65-3.6 (b). Plaintiff correctly points out that defendant mailed out the second requests only *1129 28 days after the first requests had been mailed. Plaintiff contends that pursuant to 11 NYCRR 65-3.6 (b), defendant was required to wait at least 30 calendar days before it re-requested the verification.
Discussion
It is well settled that an insurer is required to pay or deny a claim for no-fault benefits within 30 days after the claimant provides proof of the claim (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278 [1997]) and that its failure to do so will preclude it from raising most defenses to the claim (see Presbyterian Hosp. in City of N.Y., 90 NY2d at 282).
An insurer may extend the 30-day period in which it has to pay or deny a claim by making a request for additional verification of the claim “within 15 business days of receipt [of one] of the prescribed verification forms” (11 NYCRR 65-3.5 [b]; see also Nyack Hosp. v General Motors Acceptance Corp., 27 AD3d 96 [2d Dept 2005]; New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co., 295 AD2d 583, 584-585 [2d Dept 2002]; New York & Presbyt. Hosp. v American Tr. Ins. Co., 287 AD2d 699, 700 [2d Dept 2001]). If the verification is not provided 30 calendar days after the original request, “[a]t a minimum . . . the insurer shall, within 10 calendar days, follow up with the party from whom the verification was requested, either by telephone call, properly documented in the file, or by mail” (11 NYCRR 65-3.6 [b]).
In Presbyterian Hosp. in City of N.Y. v Aetna Cas. & Sur. Co. (233 AD2d 431, 432 [2d Dept 1996], lv denied 90 NY2d 802 [1997]), the Court addressed the consequences of an insurer’s failure to seek additional verification of a claim in compliance with the no-fault regulations then in effect. The defendant in that case timely requested that plaintiff provide a copy of the hospital record of its assignor as additional verification of the claim. When plaintiff did not provide the hospital record within 30 calendar days, defendant did not do any of the follow-up required by 11 NYCRR former 65.15 (e) (2), which, in relevant part, provided:
“At a minimum, if any requested verification has not been supplied to the insurer 30 calendar days after the original request, the insurer shall, within 10 calendar days, follow up with the party from whom the verification was originally requested, ei *1130 ther by a telephone call, properly documented in the file, or by mail.”
Although plaintiff ultimately provided the hospital record, defendant did not receive it until more than 30 days had elapsed since the claim was submitted. The hospital record indicated that plaintiffs assignor was intoxicated at the time of accident and based on the record, defendant denied the claim asserting the intoxication of plaintiffs assignor as a defense.
In affirming the judgment entered in plaintiffs favor in the court below, the Appellate Division for the Second Department concluded that defendant was precluded from raising intoxication as a defense inasmuch as defendant denied the claim more than 30 days after its receipt. The Court based its decision on the principle that “[w]hen an insurance company fails to comply with its duty to act expeditiously in processing no-fault claims, it will be precluded from raising most defenses” (Presbyterian, 233 AD2d at 432 [citation omitted]). The Court reasoned that by failing to do the follow-up required by 11 NYCRR former 65.15 (e) (2), which it concluded had to be “strictly construed” (Presbyterian, 233 AD2d at 433), defendant did not act diligently in processing the claim (Presbyterian, 233 AD2d at 433 [citations omitted]).
The courts have consistently followed the holding in Presbyterian (see King’s Med. Supply v Kemper Auto & Home Ins. Co., 7 Misc 3d 128[A], 2005 NY Slip Op 50450[U] [App Term, 2d & 11th Jud Dists]; Bronx Med. Servs., P.C. v Windsor Ins. Co., 2003 NY Slip Op 50885[U] [App Term, 1st Dept]; Ocean Diagnostic Imaging P.C. v Allstate Ins. Co., 10 Misc 3d 145[A], 2006 NY Slip Op 50140[U] [App Term, 2d & 11th Jud Dists]).
This case is not on all fours with Presbyterian or the other cases cited above. In all of those cases, when the plaintiff failed to provide the verification that had been requested, the defendant did not do any follow-up whatsoever. Here, defendant did follow up but not within the 10-day period specified in 11 NYCRR 65-3.6 (b). While defendant certainly acted more diligently in processing the claims than the defendant in Presbyterian or the other cases cited above, it did not strictly adhere to the dictates of 11 NYCRR 65-3.6 (b), nonetheless. The court must be guided by the principle that the no-fault regulations are in derogation of the common law and must be strictly construed (Presbyterian, 233 AD2d at 432; Presbyterian Hosp. in City of N.Y. v Atlanta Cas. Co., 210 AD2d 210, 211 [2d Dept 1994]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 226 AD2d 613, 614 [2d Dept 1996]).
*1131 The clear language of 11 NYCRR 65-3.6 (b) required defendant to follow up with the plaintiff for the verification at least once in the 10-day period specified therein. This defendant clearly did not do so. The court finds that when defendant failed to follow up as required by 11 NYCRR 65-3.6 (b), the toll occasioned by defendant’s initial requests for verification dissipated ab initio. Thus, it necessarily follows that defendant’s denials of claim, all of which were issued more than 30 days after defendant received the claims, were untimely as a matter of law. Defendant was precluded from raising most defenses, including the defense asserted in each of its denials.
Having established that it submitted the claims setting forth the fact and the amounts of the loss sustained and that payment of no-fault benefits was overdue, plaintiff is entitled to judgment in the amount sued for (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists]).
Accordingly, it is hereby ordered and adjudged that judgment be entered in plaintiff’s favor in the amount of $5,698.45, together with interest and attorneys’ fees as provided for under the No-Fault Law and the regulations promulgated thereunder, as well as costs and disbursements.