■ WESTCHESTER MEDICAL CENTER, as Assignee of Paul Knable, Appellant, et al., Plaintiff, v ALLSTATE INSURANCE COMPANY, Respondent. [978 NYS2d 284]—

In an action to recover no-fault insurance benefits, the plaintiff Westchester Medical Center, as assignee of Paul Knable, appeals from an order of the Supreme Court, Nassau County (Brown, J.), dated November 28, 2012, which denied its motion for summary judgment on the first cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion of the plaintiff Westchester Medical Center, as assignee of Paul Knable, for summary judgment on the first cause of action is granted.

Contrary to the primary argument advanced by the defendant insurance company, the plaintiff Westchester Medical Center, as assignee of Paul Knable (hereinafter the hospital), made a prima

facie showing of entitlement to judgment as a matter of law on the first cause of action (*see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.*, 114 AD3d 33 [2013]). In opposition, the defendant failed to raise a triable issue of fact as to whether, after receiving the hospital's NF-5 claim form, the 30-day period within which to pay, deny, or seek verification of the no-fault claim was extended or tolled indefinitely due to the hospital's failure to comply with a certain request for verification.

Upon the hospital's failure to timely comply with the defendant's initial request for verification within "30 calendar days after the original request [for verification]" (11 NYCRR 65-3.6 [b]), the defendant was under a regulatory duty to issue a second request for verification within 10 days after the expiration of that 30-day period (*see* 11 NYCRR 65-3.6 [b]; *Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 106 AD3d 157, 163-165 [2013]). In the absence of any such second request for verification, there is no merit to the defendant's contention that the 30-day period within which it had to pay, deny, or request verification of the claim had been extended. The defendant "failed to submit any evidence that it mailed a second or follow-up request for verification at the end of the 30-day period subsequent to [its] mailing [of] the initial request for verification" (*Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 106 AD3d at 165; *see also Presbyterian Hosp. in City of N.Y. v Aetna Cas. & Sur. Co.*, 233 AD2d 431 [1996]).

The defendant's remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court should have granted the hospital's motion for summary judgment on the first cause of action. Dillon, J.P., Angiolillo, Roman and Sgroi, JJ., concur.