■ ELEANOR MULLEN et al., Respondents, v SOUNDER R. ESWAR, Appellant, et al., Defendants. [650 NYS2d 741] —In a medical malpractice action, the defendant Sounder Rajan Eswar appeals from so much of a judgment of the Supreme Court, Queens County (Golar, J.), entered February 17, 1995, as, upon a jury verdict on the issue of liability, finding him 45% at fault, the defendant David Lee Hsu 45% at fault, and the defendant Peter Choy 10% at fault, and, upon a jury verdict on the issue of damages, finding that the plaintiff Eleanor Mullen suffered damages in the sum of $1 million ($700,000 for past pain and suffering, and $300,000 for future pain and suffering), and finding that the plaintiff William Mullen suffered damages in the sum of $75,000 ($50,000 for past loss of services, and $25,000 for future loss of services), is in favor of the plaintiffs and against him in the principal sum of $493,539.56.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the second, third, fourth, fifth, sixth, seventh, eighth, ninth, and twelfth decretal

paragraphs thereof and substituting therefor a provision severing the plaintiff Eleanor Mullen's causes of action to recover damages for past and future pain and suffering and severing the plaintiff William Mullen's causes of action to recover damages for past and future loss of services, and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry (1) the plaintiff Eleanor Mullen shall serve and file in the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages from the sum of $1 million to the sum of $600,000 ($350,000 for past pain and suffering, and $250,000 for future pain and suffering), and to the entry of an appropriate amended judgment accordingly, and (2) the plaintiff William Mullen shall serve and file in the same court a written stipulation consenting to reduce the verdict as to damages for his derivative claims from the sum of $75,000 to the sum of $25,000 ($15,000 for past loss of services, and $10,000 for future loss of services), and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiffs, or either of them, so stipulate, then the judgment, or the portion thereof entered upon said stipulation, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

This case arises from the defendants' failure to properly manage an infection which the plaintiff, Eleanor Mullen, developed subsequent to total hip replacement surgery. As a result of the prolonged infection, the surgery was unsuccessful, and remedial efforts proved only minimally beneficial.

The defendant Sounder Rajan Eswar maintains that he was deprived of a fair trial by several erroneous evidentiary rulings, as well as the improper conduct of the trial court and the plaintiffs' attorney. On this record, we find that any erroneous rulings were harmless as they did not substantially prejudice the defendant's case (*see,* CPLR 2002). Moreover, the trial court comported itself in a fair and impartial manner, and appropriately restrained the zealousness of the plaintiff's counsel.

We do not agree with the appellant that the jury's apportionment of fault was not supported by any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Accordingly, the findings of fact as to liability are affirmed.

However, the verdict as to damages deviated materially from what would be reasonable compensation, and was therefore, excessive to the extent indicated (*see,* CPLR 5501 [c]). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.