■ ROBERTA DAMEN et al., Respondents, v NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants, et al., Defendant. [710 NYS2d 621] —In an action to recover damages for medical malpractice, etc., the defendants North Shore University Hospital,

Patrick Concannon, Bruce Javors, Suzanne Roland, Roger Hyman, Reynold Cesar, Lawrence Lind, Andrew Spitz, Barbara Galland, and Sandra Shawn appeal from a judgment of the Supreme Court, Queens County (Milano, J.), entered March 22, 1999, which, upon a jury verdict awarding damages for past pain and suffering to the plaintiff Roberta Damen in the sum of $1,000,000, and awarding damages in the sum of $50,000 to the plaintiff Joseph Rolleri on his derivative cause of action, and upon the granting of their motion to set aside the jury verdict as to damages to the extent of directing a new trial with respect to the damages awarded to the plaintiff Roberta Damen for past pain and suffering unless the plaintiff Roberta Damen stipulated to reduce the damages awarded to her from the sum of $1,000,000 to the sum of $650,000, and upon the plaintiff Roberta Damen's stipulation to so reduce the damages, is in favor of the plaintiff Roberta Damen and against them in the principal sum of $650,000, and in favor of the plaintiff Joseph Rolleri and against them in the principal sum of $50,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only unless, within 30 days after service upon the plaintiffs of a copy of this decision and order with notice of entry, the plaintiff Roberta Damen shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to further decrease the damages as to past pain and suffering from the principal sum of $650,000 to the principal sum of $225,000, and the plaintiff Joseph Rolleri shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the damages on his derivative cause of action from the sum of $50,000 to the sum of $20,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiffs so stipulate, then the judgment, as so further reduced and amended, is affirmed, without costs or disbursements.

Contrary to the appellants' contention, sufficient expert evidence was adduced at the trial from which a jury could rationally conclude that the plaintiff Roberta Damen's injuries were proximately caused by their conceded departure from good and accepted medical practice in negligently leaving a laparotomy pad in her abdomen (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *Mortensen v Memorial Hosp.,* 105 AD2d 151; *see also, Weldon v Beal,* 272 AD2d 321; *Herring v Hayes,* 135 AD2d 684). However, we agree that the award of damages,

even as reduced by stipulation, deviated materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]; *DeRosa v Kaali,* 240 AD2d 534; *Mullen v Eswar,* 233 AD2d 376).

The appellants' remaining contentions are without merit. Joy, J. P., Krausman, Goldstein and Smith, JJ., concur.