■ LYNETTE RIVERS, Individually and as Administrator of the Estate of EBONY RIVERS, Deceased, Respondent, et al., Plaintiff, v ST. MARY'S HOSPITAL OF BROOKLYN et al., Appellants, et al., Defendants. [745 NYS2d 562] —In an action, inter alia, to recover damages for medical malpractice, the defendants St. Mary's Hospital of Brooklyn and Interfaith Medical Center separately appeal from a judgment of the Supreme Court, Kings County (Jackson, J.), entered January 5, 2001, which, upon a jury verdict finding St. Mary's Hospital of Brooklyn 55% at fault and Interfaith Medical Center 45% at fault, is in favor of the plaintiff Lynette Rivers, as administrator of the estate of Ebony Rivers, and against them in the principal sum of $1,700,000 for the conscious pain and suffering of Ebony Rivers.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiff Lynette Rivers, as administrator of the estate of Ebony Rivers, of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation

consenting to reduce the verdict as to damages from the sum of $1,700,000 to $750,000; in the event that Lynette Rivers, as administrator of the estate of Ebony Rivers, so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

The jury determined that the appellant St. Mary's Hospital of Brooklyn (hereinafter St. Mary's) committed malpractice by discharging the 13-year-old decedent while she was suffering from rheumatic fever, and that the defendant Interfaith Medical Center committed malpractice by failing to properly consult with St. Mary's about the decedent's recent treatment at that facility, and by failing to perform an echocardiogram. Contrary to the appellants' contentions, the plaintiffs adduced sufficient evidence from which the jury could have rationally concluded that these acts were departures from good and accepted medical practice, and proximately caused the decedent's injuries and death (see Cohen v Hallmark Cards, 45 NY2d 493, 498-499). Furthermore, according the jurors their proper deference as finders of fact and as assessors of the credibility of witnesses, we find that the liability verdict, and the apportionment of fault between the two hospitals, is supported by a fair interpretation of the evidence (see Brezinski v Island Med. Care, 291 AD2d 366; Romero v Karavidas, 282 AD2d 665; Cicalese v Caruana, 274 AD2d 540; Mullen v Eswar, 233 AD2d 376; Nicastro v Park, 113 AD2d 129).

However, the damages awarded for conscious pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see CPLR 5501 [c]). Feuerstein, J.P., Krausman, Luciano and Crane, JJ., concur.