■ PETER CASHMAN, Respondent-Appellant, v JOSEPH REA, Appellant-Respondent.—In an action to recover on a promissory note, the defendant appeals (1) from an order of the Supreme Court, Orange County (Beisner, J.), dated September 9, 1985, which, upon granting the plaintiff's motion to reargue, *inter alia,* vacated a prior order of the same court, dated July 1, 1985, and reinstated a judgment of the County Court, Orange County (Isseks, J.), dated April 2, 1978, which, upon the defendant's default, was in favor of the plaintiff in the principal amount of $7,000, and which dismissed the defendant's counterclaim; and (2) an order of the same court (Beisner, J.), entered November 1, 1985, which, upon further reargument, adhered to the prior determination declining to open the default judgment; and the plaintiff cross-appeals from so much of the order dated September 9, 1985, as failed to refer his motion to reargue to the Judge who originally signed the default judgment.

Ordered that the cross appeal from the order dated September 9, 1985 is dismissed, as the plaintiff is not aggrieved by that order, since it reinstates the default judgment in his favor *(see,* CPLR 5511); and it is further,

Ordered that the appeal from the order dated September 9, 1985 is dismissed, as that order was superseded by the order entered November 1, 1985, made upon reargument; and it is further,

Ordered that the order entered November 1, 1985 is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff was granted a judgment by default after the defendant failed to appear when the case was called for trial on April 25, 1978 *(see,* CPLR 3215 [a]). The defendant argues that the default judgment was void for lack of jurisdiction *(see,* CPLR 5015 [a] [4]), because an affidavit of the facts constituting the default was not filed by the plaintiff or his attorney *(see,* CPLR 3215 [e]). We disagree. It is clear that both parties were properly before the court by virtue of the plaintiff's

effecting valid service of a summons with notice upon the defendant. In addition, a verified complaint stating the facts constituting the plaintiff's claim and the amount due was duly filed with the office of the Orange County Clerk *(see,* CPLR 3215 [e]). Thus, the court had subject matter jurisdiction over the case which included the concomitant power to enter a default judgment in favor of the plaintiff. The failure to file an affidavit of the facts constituting the default was, at most, procedurally irregular as to the plaintiff's right to enter a default judgment, and did not affect the competence of the court to adjudicate the claim *(see, Freccia v Carullo,* 93 AD2d 281, 288-289). In the circumstances of this case, to undo a judgment of more than seven years' standing, based merely upon a procedural irregularity and not a jurisdictional defect, would serve only to undermine the doctrine of res judicata and the certainty and finality which that doctrine is designed to protect *(see, Lacks v Lacks,* 41 NY2d 71, 77; *Freccia v Carullo, supra).*

We have examined the remainder of the defendant's contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.