■ MAYER LEVI, Respondent, v SANDOR OBERLANDER et al., Appellants.—In an action for a judgment declaring the rights of the parties to certain moneys held in escrow, the defendants appeal (1) from an order of the Supreme Court, Kings County (Held, J.), dated June 23, 1987, which granted the plaintiff's motion for a leave to enter a default judgment unless the defendants' attorney personally pays to the plaintiff a sanction in the amount of $500, and (2) from an order of the same court, dated October 5, 1987, which granted plaintiff's motion to strike defendants' answer, for leave to enter a default judgment unconditionally, and for an assessment of damages.

Ordered that the orders are reversed, on the law, with costs, the plaintiff's motions are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

On a motion for leave to enter a default judgment pursuant to CPLR 3215, the applicant is required to file proof of service of the summons and complaint and proof by affidavit made by the party of the facts constituting the claim (see, CPLR 3215).

A review of the record indicates that plaintiff failed to show that the defendants were properly before the court by virtue of the plaintiff's effecting valid service of a summons and complaint upon them (cf., Freccia v Carullo, 93 AD2d 281; Cashman v Rea, 126 AD2d 511). Absent such proof, no default judgment may be entered (see, Nemetsky v Banque Developpment, 59 AD2d 527, affd 48 NY2d 962).

In addition, the plaintiff failed to submit the requisite proof of the facts constituting the claim by affidavit or complaint verified by a person with knowledge of those facts (see, Joosten v Gale, 129 AD2d 531; Colonial Country Club v Village of Ellenville, 89 AD2d 935). Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.