■ CHARLES LODATO, Respondent, v GREYHAWK NORTH AMER-ICA, LLC, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. NAGAN CONSTRUCTION, INC., Third-Party Defendant and Second Third-Party Plaintiff-Appellant; MAGARA CONSTRUC-TION, INC., et al., Second Third-Party Defendants. [834 NYS2d 239]—

In an action to recover damages for personal injuries, the defendant Greyhawk North America, LLC, appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Kings County (Knipel, J.), dated March 9, 2005, which, upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $74,500 for past pain and suffering, $442,583.33 for future pain and suffering, $131,330 for past lost earnings, $1,000,000 for future lost earnings, and $130,000 for future medical expenses, and upon a stipulation in which the parties agreed that the plaintiff sustained damages in the sum of $23,605 for past medical expenses, is in favor of the plaintiff and against it in the principal sum of $1,802,018.33, and the third-party defendant/second third-party plaintiff separately appeals, as limited by its brief, from stated portions of the same judgment.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff damages for past and future lost earnings in the principal sum of $1,131,330 and substituting therefor a provision dismissing those claims; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendant Greyhawk North America, LLC.

The plaintiff allegedly was injured while performing work on a school renovation project when he received an electrical shock, causing him to fall from a scaffold. The plaintiff was employed by the second third-party defendant, Magara Construction, Inc. (hereinafter Magara), which had been hired for the renovation

project by the third-party defendant/second third-party plaintiff, Nagan Construction, Inc. (hereinafter Nagan), which, in turn, had been hired by the owner of the premises, the Valley Stream Central High School District (hereinafter the school district). The plaintiff commenced this action against, inter alia, the defendant Greyhawk North America, LLC (hereinafter Greyhawk), the construction manager for the renovation project, and was awarded summary judgment on the issue of Greyhawk's liability pursuant to Labor Law § 240 (1) and § 241 (6) (*see Lodato v Greyhawk N. Am., LLC*, 39 AD3d 491 [2007] [decided herewith]).

At the trial on the issue of damages, the plaintiff, in an effort to establish his damages for past and future lost earnings, sought to introduce, through the testimony of a school district employee, certain payroll records allegedly prepared by Magara. Magara's principal had submitted the records to Nagan, which had then submitted them for approval to the school district's architect, who, in turn, had submitted them to the school district. The testifying school district employee was not involved in the preparation of the payroll records, and had no knowledge of whether the information in the records was accurate. The Supreme Court admitted the payroll records into evidence over Greyhawk's objection.

Greyhawk correctly contends that the payroll records in question were inadmissible hearsay. To be admissible as a business record, a document must have been made in the regular course of business, and it must have been the regular course of the business to make such a record, at the time of the act, transaction, occurrence, or event recorded, or within a reasonable time thereafter (*see* CPLR 4518 [a]; *People v Kennedy*, 68 NY2d 569, 579-580 [1986]). "[T]he mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records [because] such papers simply are not made in the regular course of business of the recipient, who is in no position to provide the necessary foundation testimony" (*People v Cratsley*, 86 NY2d 81, 90 [1995] [internal quotation marks omitted]; *see Standard Textile Co. v National Equip. Rental*, 80 AD2d 911 [1981]). The school district employee called as a witness by the plaintiff was not qualified to give testimony regarding Magara's record-keeping practices (*see Standard Textile Co. v National Equip. Rental, supra*). Thus, the Magara payroll records should not have been admitted into evidence.

It was the plaintiff's burden to establish damages for past and future lost earnings "with reasonable certainty, such as by submitting tax returns or other relevant documentation"

(*Karwacki v Astoria Med. Anesthesia Assoc., P.C.*, 23 AD3d 438, 439 [2005]). The plaintiff offered no tax returns, W-2 forms, or pay stubs into evidence. The only documentary evidence he produced was the payroll records, which we have found to be inadmissible. Otherwise, the only evidence supporting the plaintiff's claims for past and future lost earnings was his own conclusory testimony. Unsubstantiated testimony, without documentation, is insufficient to establish lost earnings (*see Gomez v City of New York*, 260 AD2d 598 [1999]). Since the plaintiff failed to meet his burden, he is, as a matter of law, not entitled to recover damages for past or future lost earnings (*see id.*)

The remaining contentions, including those relating to the severance of the third-party action and the second third-party action, are without merit, do not require a new trial on the issue of damages, or are not properly before this Court. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.