■ NEW YORK AND PRESBYTERIAN HOSPITAL, Plaintiff, and NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Respondent, v COUNTRYWIDE INSURANCE COMPANY, Appellant. [843 NYS2d 662]—

In an action to recover no-fault benefits under an insurance contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), entered June 30, 2006, which granted the motion of the plaintiff New York Hospital Medical Center of Queens for summary judgment on the second and third causes of action, and (2) a judgment of the same court entered July 11, 2006, which is in favor of the plaintiff New York Hospital Medical Center of Queens and against it in the principal sum of $6,223.62.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order entered June 30, 2006, is modified by deleting the provision thereof granting that branch of the motion of the plaintiff New York Hospital Medical Center of Queens which was for summary judgment on the second cause of action, and substituting therefor a provision denying that branch of the motion, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff New York Hospital Medical Center of Queens (hereinafter the plaintiff) established, prima facie, its entitlement to judgment as a matter of law with respect to the second cause of action by demonstrating that the necessary billing documents were mailed to and received by the defendant and that payment of the no-fault benefits was overdue (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742, 742-743 [2004]). However, in opposition to the motion, the defendant submitted admissible evidence which raised triable issues of fact as to the date on which the plaintiff mailed the no-fault claims to the defendant and whether the verification requests, which would serve to extend the defendant's time within which to pay or deny the claim, were pending. Contrary to the Supreme Court's determination, the defendant's request for additional verification tolled the defendant's time within which to pay or deny the claim (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1], [2]) until it received all of the relevant information requested (see Nyack Hosp. v General Motors Acceptance Corp., 27 AD3d 96, 100 [2005], mod 8 NY3d 294 [2007]). Moreover, the affidavit and documentary evidence submitted by the defendant were in admissible form since the affiant stated her basis for knowledge of the facts and laid a proper foundation for introduction of the documents (see Montefiore Med. Ctr. v Government Empls. Ins. Co., 34 AD3d 771, 772 [2006]). Thus, the Supreme Court should have denied summary judgment as to the second cause of action.

The evidence submitted by the plaintiff in support of that branch of its motion which was for summary judgment on the third cause of action satisfied its burden of establishing, prima facie, its entitlement to judgment as a matter of law (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742, 742-743 [2004]). While the defendant initially denied that the plaintiff provided it with the requested verification material, it failed to rebut the plaintiff's showing that the verification material was actually mailed to the defendant. A presumption of receipt was created by the certified mail receipt and the signed return receipt card, each bearing a notation to the relevant medical records, such

that the defendant's denial of receipt of the verification material was insufficient to raise a triable issue of fact (*see Westchester Med. Ctr. v Liberty Mut. Ins. Co.*, 40 AD3d 981, 982 [2007]; *Matter of Fodor v MBNA Am. Bank, N.A.*, 34 AD3d 473 [2006]).

Motion by the respondent on appeals from an order of the Supreme Court, Nassau County, entered June 30, 2006, and a judgment of the same court entered July 11, 2006, to strike pages 18 through 20 of the appellant's brief on the ground that it improperly raises arguments for the first time on appeal. By decision and order on motion of this Court dated May 31, 2007, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied. Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.