■ DEANNA REISS, Appellant, v ROADHOUSE RESTAURANT et al., Defendants, and HEALTHCARE RECOVERIES, INC., et al., Intervenors-Respondents. [897 NYS2d 450]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Richmond County (Minardo, J.), dated January 31, 2007, which (a) held in abeyance her motion, in effect, for summary judgment declaring that Group Health Incorporated and Healthcare Recoveries, Inc., have no valid claim to the proceeds of the settlement of the action and directing that the law firm of Gross Schwartz Goldston & Campisi, LLP, pay her settlement proceeds in the principal sum of $134,085.29, plus interest, that it held in an interest-bearing escrow account (b), sua sponte, granted Group Health Incorporated and Healthcare Recoveries, Inc., leave to intervene in the action, and (c) directed a hearing to determine if the settlement proceeds included any sum for past medical expenses that must be reimbursed to Group Health Incorporated for medical benefits which it paid on her behalf, (2) from an order of the same court dated November 16, 2007, which (a), in effect, held in abeyance her motion to reject the first report of a judicial hearing officer (Pizzuto, J.H.O.), dated October 1, 2007, made after a hearing, finding that Group Health Incorporated was entitled to be reimbursed from the settlement proceeds for medical expenses it paid on her behalf, and (b), sua sponte, directed a hearing to determine the amount that Group Health Incorporated incurred in medical expenses related to the injuries sustained by her as a result of the subject accident, and (3), as limited by her brief, from so much of an order of the same court dated December 19, 2008, as (a) denied her motion, in effect, to reject the first report of the judicial

hearing officer dated October 1, 2007, and so much of the second report of the same judicial hearing officer, dated September 29, 2008, made after a separate hearing, as found that Group Health Incorporated was entitled to recover the principal sum of $134,085.30 from the settlement proceeds (b), in effect, denied her motion, in effect, for summary judgment declaring that Group Health Incorporated and Healthcare Recoveries, Inc., have no valid claim to the settlement proceeds and directing that the law firm of Gross Schwartz Goldston & Campisi, LLP, pay her the principal sum of $134,085.29, plus interest, from the settlement proceeds, and (c) directed the entry of a judgment in favor of Group Health Incorporated and against her in that amount.

Ordered that the appeal from the order dated January 31, 2007, is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice or from an order directing a hearing to aid in the determination of a motion, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]; *Ciprijan v Stone*, 65 AD3d 659 [2009]; *Zoref v Glassman*, 44 AD3d 1036 [2007]); and it is further,

Ordered that the appeal from the order dated November 16, 2007, is dismissed, as no appeal lies as of right from an order directing a hearing to aid in the determination of a motion, and we decline to grant leave to appeal (*see* CPLR 5701 [a] [2]; *Zoref v Glassman*, 44 AD3d 1036 [2007]); and it is further,

Ordered that the order dated December 19, 2008, is reversed insofar as appealed from, on the law, the plaintiff's motions are granted, and the matter is remitted to the Supreme Court, Richmond County, for entry of an appropriate declaratory judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On February 1, 2006, the plaintiff and the defendants Roadhouse Restaurant, Mark D'Andrea, and Jodi D'Andrea settled this personal injury action for the principal sum of $650,000, and the settlement proceeds were deposited into an interest-bearing escrow account maintained by the plaintiff's personal injury attorney, Gross Schwartz Goldston & Campisi, LLP (hereinafter GSGC). Healthcare Recoveries, Inc. (hereinafter Healthcare Recoveries), an agent retained by Group Health Incorporated (hereinafter GHI) to collect the medical benefits paid by GHI on behalf of the plaintiff, learned about the settlement on March 1, 2006, and requested that the plaintiff reimburse GHI for the medical benefits it provided to her.

After GSGC refused to release the plaintiff's portion of the settlement proceeds to her, the plaintiff retained new counsel

and moved, in effect, for summary judgment declaring that GHI and Healthcare Recoveries had no valid claim to the settlement proceeds, and directing that GSGC pay her the principal sum of $134,085.29, plus interest, that it still held in the escrow account. In support of her motion, the plaintiff submitted her own affidavit and affirmations from the individual attorneys who negotiated the settlement, all asserting that no part of the settlement proceeds was allocated to the recovery of past medical benefits and, thus, that GHI was not entitled to reimbursement for medical benefits it paid on her behalf. In response, GHI and Healthcare Recoveries relied on the affidavit of David Place, an attorney representing Healthcare Recoveries, in which he averred that recovery for past medical expenses had been sought by the plaintiff as an element of damages and, thus, constituted a portion of the underlying settlement in this action. The Supreme Court held the plaintiff's motion in abeyance, granted GHI and Healthcare Recoveries (hereinafter together the intervenors) leave to intervene in the action, and directed a hearing to determine if the settlement proceeds included any sum for past medical expenses that must be reimbursed to GHI by virtue of its payments on behalf of the plaintiff. After a hearing, at which the plaintiff was the only witness, a judicial hearing officer (hereinafter the JHO) issued a report concluding that the settlement included a recovery for past medical expenses, and that GHI was entitled to reimbursement from the settlement proceeds of the medical benefits it had paid on the plaintiff's behalf. The Supreme Court, in effect, held in abeyance the plaintiff's motion to reject this first report and directed that another hearing be scheduled to determine the amount that GHI paid in medical benefits related to the injuries the plaintiff sustained as a result of the subject accident.

At the second hearing, Place was the intervenors' sole witness. Through Place's testimony, a consolidated statement of benefits was admitted into evidence, which, according to him, listed the medical benefits allegedly paid by GHI on the plaintiff's behalf that were related to the accident. After the second hearing, the JHO issued a second report, concluding that GHI was entitled to recover the sum of $134,085.30 from the plaintiff's portion of the settlement proceeds.

In an order dated December 19, 2008, the Supreme Court thereafter denied the plaintiff's motion, in effect, to reject the JHO's first report and to reject so much of the second report as found that GHI was entitled to recover the principal sum of $134,085.30. The Supreme Court also, in effect, denied the plaintiff's initial motion, in effect, for summary judgment declar-

ing that the intervenors had no valid claim to the settlement proceeds and directing GSGC to pay her the principal sum of $134,085.29, plus interest, that it still held in the escrow account. We reverse the order dated December 19, 2008, insofar as appealed from.

In a case decided after a hearing, this Court's power to review the evidence is as broad as that of the trial court and this Court may render the determination warranted by the facts, bearing in mind that, in a close case, the factfinder had the advantage of seeing and hearing the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Hochhauser v Electric Ins. Co.*, 46 AD3d 174, 184 [2007]; *Tornheim v Kohn*, 31 AD3d 748, 748 [2006]; *Riverside Capital Advisors, Inc. v First Secured Capital Corp.*, 28 AD3d 452, 454 [2006]). Here, the Supreme Court improperly denied, after two hearings, the plaintiff's motions to reject the JHO's first report and so much of the JHO's second report as found that GHI was entitled to recover the principal sum of $134,085.30 from the plaintiff's portion of the settlement proceeds, since a contrary conclusion was warranted by the evidence (see *Hochhauser v Electric Ins. Co.*, 46 AD3d at 184).

At the hearings before the JHO, the intervenors failed to prove that GHI was entitled to reimbursement under its insurance contract with the plaintiff. More particularly, the intervenors failed to prove that any part of the settlement proceeds in this action included a recovery for past medical expenses and, thus, could not demonstrate that GHI was entitled to the reimbursement of medical benefits it paid on the plaintiff's behalf. The intervenors' sole witness, the attorney representing Healthcare Recoveries, which itself was only an agent retained by GHI to pursue the reimbursement claim, was not qualified to testify regarding the terms of the health insurance agreement between GHI and the plaintiff (see *Franklyn Folding Box Co. v Grinnell Mfg.*, 234 AD2d 505, 506 [1996]), and his testimony that the plaintiff's past medical expenses were considered by the parties in reaching their settlement was mere speculation based upon inadmissible hearsay (see generally *Matter of Hausknecht v Comprehensive Med. Care of N.Y., P.C.*, 24 AD3d 778, 779 [2005]). The intervenors also improperly sought to prove the amount of GHI's claim by seeking to admit into evidence, as a business record, the consolidated statement of benefits prepared by Healthcare Recoveries from information it obtained from GHI. Since the intervenors' sole witness also was not qualified to give testimony regarding GHI's record-keeping practices, that document should not have been admitted into

evidence (*see Lodato v Greyhawk N. Am., LLC*, 39 AD3d 494, 495 [2007]).

In addition, the Supreme Court erred in denying, in effect, the plaintiff's motion, in effect, for summary judgment declaring that the intervenors have no valid claim to the settlement proceeds of the action and directing that GSGC pay her the principal sum of $134,085.29, plus interest, that it held in the escrow account. The plaintiff made a prima facie showing of her entitlement to judgment as a matter of law in this regard by adducing evidence in admissible form demonstrating that no part of the settlement proceeds at issue was allocated to past medical expenses that were to be reimbursed to GHI (*see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514 [1996]). In opposition to this showing, the intervenors failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Since this action involved a request for declaratory relief, the matter must be remitted to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the intervenors have no valid claim to the settlement proceeds (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Leventhal, Lott and Austin, JJ., concur. **[Prior Case History: 14 Misc 3d 1226(A), 2007 NY Slip Op 50178(U).]**