■ In the Matter of ANDREW CAROTHERS, M.D., P.C., Appellant, v GEICO INDEMNITY COMPANY, Respondent. [914 NYS2d 199]—

In an action to recover no-fault medical payments under certain insurance contracts, the plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated April 14, 2009, which reversed a judgment of the Civil Court of the City of New York, Kings County (Graham, J.), entered August 2, 2007, which, after a nonjury trial, awarded the plaintiff the principal sum of $4,463.17, and dismissed the complaint.

Ordered that the order dated April 14, 2009, is affirmed, with costs.

The testimony of an employee of the company that handled the plaintiff's medical billing was insufficient to lay a foundation for the admission of the claim forms under the business records exception of the hearsay rule (*see Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co.*, 55 AD3d 644 [2008]). Such records were inadmissible because the billing company did not create the records and there was no showing that its employee was familiar with the particular record-keeping procedures of the plaintiff (*see West Val. Fire Dist. No. 1 v Village of Springville*, 294 AD2d 949, 950 [2002]). Further, although a

proper foundation can be established by a recipient of records who does not have personal knowledge of the maker's business practices and procedures, there must still be a showing that the recipient either incorporated the records into its own records or relied upon the records in its day-to-day operations (*see People v A & S DiSalvo Co.*, 284 AD2d 547, 548 [2001]; *Plymouth Rock Fuel Corp. v Leucadia, Inc.*, 117 AD2d 727 [1986]). Here, the billing company's mere printing and mailing of the documents to the insurer did not establish that the documents were incorporated into its records or that it relied upon the records in its regular course of business (*see Lodato v Greyhawk N. Am., LLC*, 39 AD3d 494,495 [2007]). Since the subject documents were inadmissible, the plaintiff failed to establish its prima facie case, and the Appellate Term properly reversed the judgment in the plaintiff's favor.

The plaintiff's remaining contention is unpreserved for appellate review. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.