WESTCHESTER MEDICAL CENTER, Plaintiff, and NEW YORK AND PRESBYTERIAN HOSPITAL, as Assignee of Eleutrerio Castro, Respondent, v GMAC INS. CO. ONLINE, INC., et al., Appellants. [915 NYS2d 115]—

In an action to recover assigned first-party no-fault benefits for medical services rendered, the defendants appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), entered October 15, 2009, which granted the motion of the

plaintiff New York and Presbyterian Hospital for summary judgment on its second cause of action, and denied the defendants' cross motion for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff New York and Presbyterian Hospital (hereinafter the plaintiff) established, prima facie, its entitlement to judgment as a matter of law with respect to the second cause of action by demonstrating that the necessary billing documents were mailed to and received by the defendant and that payment of no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; *Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d 1014, 1017 [2008]; *New York & Presbyt. Hosp. v Countrywide Ins. Co.*, 44 AD3d 729 [2007]; *Westchester Med. Ctr. v Liberty Mut. Ins. Co.*, 40 AD3d 981, 981-982 [2007]).

In opposition to that prima facie showing, the defendants failed to raise a triable issue of fact as to whether they timely denied the claim. The evidence submitted by the plaintiff showed that the no-fault billing claim form was received by the defendants on May 15, 2009. The defendants submitted, inter alia, copies of letters that they sent to their insured dated April 27, 2009, and May 28, 2009, respectively, as well as copies of letters that they sent to the plaintiff on May 14, 2009, and June 15, 2009, respectively, seeking additional verification. However, the April 27, 2009, and May 14, 2009, letters were sent prior to the defendants' receipt of the no-fault billing form, and the remaining letters were sent more than 10 days after the defendants' receipt of that form. Consequently, those letters failed to toll the period in which the defendants were required to pay or deny the claim (*see* 11 NYCRR 65-3.5). In this regard, although the defendants stated, in their motion for summary judgment, that they first received the no-fault bill on May 7, 2009, or on May 9, 2009, the defendant did not establish that fact by submitting a copy of the bill received on one of those dates. Therefore, the defendants failed to submit evidence raising a triable issue of fact as to whether they timely denied the claim after issuing timely requests for additional verification (*see* 11 NYCRR 65-3.5; *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 317 [2007]).

Moreover, although the defendants contend that they submitted evidence showing that the plaintiff's assignor misrepresented his state of residence in connection with the issuance of the subject insurance policy, the defendants are precluded from asserting that defense, as a result of their untimely denial of the claim (*see Fair Price Med. Supply Corp. v Travelers Indem.*

*Co.*, 10 NY3d 556, 564 [2008]; *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d at 319; *Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d 1045, 1046-1047 [2009]).

Although the defendants contend, on appeal, that North Carolina law should apply to this action, and that New York law does not preclude them from denying coverage, they did not raise that specific argument before the Supreme Court. Consequently, that contention is not properly before this Court (*see Boudreau-Grillo v Ramirez*, 74 AD3d 1265, 1268 [2010]; *Matter of Panetta v Carroll*, 62 AD3d 1010 [2009]). Dickerson, J.P., Hall, Austin and Cohen, JJ., concur.