■ NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, as Assignee of Brian Quintero, et al., Appellants, v COUNTRY WIDE INSURANCE COMPANY, Respondent. [917 NYS2d 322]—

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the first cause of action by submitting, inter alia, the requisite billing forms, the affidavits from its third-party biller, the certified mail receipts, and the signed return-receipt card referencing the patient and the forms, which demonstrated that the plaintiff New York Hospital Medical Center of Queens (hereinafter the plaintiff) mailed the necessary billing documents to the defendant, that the defendant received them, and that the payment of no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; *Westchester Med. Ctr. v GMAC Ins. Co. Online, Inc.*, 80 AD3d 603 [2011]; *Westchester Med. Ctr. v Countrywide Ins. Co.*, 45 AD3d 676 [2007]; *New York & Presbyt. Hosp. v Countrywide Ins. Co.*, 44 AD3d 729, 730 [2007]; *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 34 AD3d 532 [2006], *affd* 9 NY3d 312 [2007]).

In opposition, the defendant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendant's verification requests, dated April 22, 2008, and May 22, 2008, respectively, requested "Rev. 01/04 NF5 & Assignment of Benefit Forms signed (No Stamps)." The plaintiff responded by providing exactly what was requested of it. The

defendant cannot now complain that the NF5 or the assignment of benefits forms provided by the plaintiff were "outdated," as its verification requests only sought the January 2004 version of the NF5 form and its accompanying assignment. Contrary to the Supreme Court's conclusion, the affidavit of the defendant's representative was insufficient to raise a triable issue of fact, as the plaintiff's documented responses demonstrate that it complied with the defendant's verification requests.

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action. Dillon, J.P., Covello, Florio and Hall, JJ., concur.