Miller, J.
(concurring in part and dissenting in part). There is nothing in the no-fault provisions of the Insurance Law, its implementing regulations, or the applicable case law that permits a party seeking no-fault benefits to recover reimbursement for economic loss without affirmatively establishing the merits of its claim pursuant to Insurance Law § 5102 (a) (1) and (b). Neither the Court of Appeals nor this Court has ever previously held that a plaintiffs prima facie burden is diminished or otherwise altered by an insurer’s failure to comply with the relevant time periods set forth in the regulatory framework of the No-Fault Law. I fully recognize that an insurer’s failure to comply with such time periods may preclude it from interposing a defense to a plaintiffs claim. However, this penalty, itself a creation of the courts, should not be expanded. The fact that an insurer may be precluded from challenging or objecting to the merits of a claim does not absolve a plaintiff from discharging its statutorily-imposed burden. The position advanced by the plaintiff and accepted by the majority constitutes an unwarranted extension of a judicially-created penalty that nullifies the burden imposed by Insurance Law § 5102 (a) (1) and (b), while serving to overturn the basic legal principle that a plaintiff must establish the merits of its case in the first instance, regardless of whether the defendant is permitted to controvert the plaintiffs position or otherwise present a case in defense.
I conclude that, in order to establish, prima facie, entitlement to a money judgment, a plaintiff seeking to recover first-party no-fault benefits must affirmatively demonstrate that it is entitled to reimbursement for necessary medical expenses arising from personal injuries sustained from the use or operation of a motor vehicle in the amount specified in the complaint (see Insurance Law § 5102 [a] [1]; [b]). This requirement is not onerous. Indeed, it would have been satisfied here if the plaintiff had simply submitted the proof of claim forms in admissible form.
Although my conclusion is based upon the statutes that comprise the No-Fault Law and basic principles regarding parties’ respective burdens of proof, it is appropriate, given the far-reaching policy implications of the legal issues presented on this appeal, to take judicial notice of the fact that “[t]he impact of fraud on this State’s no-fault system is notorious” (Fair Price *50 Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 567 [2008, Smith, J., dissenting]; see Consolidated Edison Co. of N.Y. v Public Serv. Commn. of State of N.Y., 47 NY2d 94, 110 [1979]; Appelbaum v Deutsch, 111 AD2d 21, 22 [1985], affd 66 NY2d 975 [1985]; Dougherty v 425 Dev. Assoc., 93 AD2d 438, 447 [1983]; see also Prince, Richardson on Evidence §§ 2-202, 2-203 [Farrell 11th ed 2008]). Despite efforts to prosecute deceptive health care providers and medical mills, ££[t]he number of suspected no-fault fraud reports received by the Department [of Financial Services] increased by 16 percent from 2011 to 2012” (Cover Letter from Benjamin M. Lawsky, Superintendent of the Department of Financial Services, dated March 15, 2013, 2012 Annual Report on the Activities of the Department to Investigate and Combat Health Insurance Fraud). In 2012, ££[r]eports of no-fault fraud totaled 90 percent of health insurance fraud reports, up from 85 percent in 2011, and more than half of reports of fraud of all types, making no-fault fraud again the biggest single fraud issue [in 2012]” (id.).
I cannot help but recognize that jettisoning any requirement that a claimant establish the substantive merits of its claim will only serve to encourage and facilitate the rampant fraud besieging New York’s no-fault system. Faced with this specter of ever-increasing fraud, it is all the more essential that the court system enforce the minimal evidentiary requirement that a plaintiff establish the merits of its claim before it recovers on it. Accordingly, I would affirm the order of the Appellate Term and must respectfully dissent in part.
The complaint alleged that an individual (hereinafter the insured) was involved in an automobile accident and that, at the time of the accident, he was insured by a no-fault automobile insurance policy issued by the defendant (hereinafter the insurer). The complaint alleged that the plaintiff, Viviane Etienne Medical Care, EC., rendered health services to the insured in connection with personal injuries sustained in the accident.
The health services, variously described as “hot pack,” “electrical stimulation,” “therapeutic exercises,” and “follow up,” allegedly were conferred on a weekly basis over the course of about four months to treat, inter alia, “strain” to the injured individual’s neck, back, and elbow. The complaint alleged that the insured was entitled to compensation for the cost of these services under the terms of the no-fault policy. The services were eventually discontinued after an independent medical exam failed to substantiate the claimed injuries or the medical necessity of the treatments.
*51 The complaint alleged that the insured assigned his first-party benefits under the no-fault policy to the plaintiff and that the plaintiff submitted to the insurer bills and claims in the amount of $6,130.70, “together with proper verification.” The complaint also alleged that the insurer did not timely deny the claim for benefits or otherwise seek additional verification. The complaint further asserted that, based on these allegations, the plaintiff, as the assignee of the insured, was entitled to recover the amount of the unpaid bills from the insurer under the no-fault policy. The complaint is not verified by a party or the insured. Rather, it is verified by an attorney.
In its verified answer, the insurer denied certain factual allegations asserted in the complaint. The verified answer additionally contained a number of separate affirmative defenses.
The plaintiff thereafter moved, inter alia, for summary judgment on the complaint. In support of its motion, the plaintiff submitted a series of forms, designated NYS Form NF-3, which are entitled “Verification of Treatment by Attending Physician” (hereinafter Attending Physician Verifications). These Attending Physician Verifications contained stamped facsimiles of a physician’s signature. The plaintiff also provided an affidavit from the president of a third-party billing services company, who stated that the Attending Physician Verifications were not completed by an attending physician, but were filled out by the third-party billing services company. The president of the third-party billing services company represented that, after the unnamed employees of his company filled out the Attending Physician Verifications, they were personally mailed by him to the insurer on various dates over the course of the time period alleged in the complaint.
The insurer opposed the motion, arguing that the plaintiff failed to establish, prima facie, that it was entitled to judgment as a matter of law. The Civil Court, Kings County, agreed and denied that branch of the plaintiffs motion which was for summary judgment on the ground that the plaintiff failed to establish a prima facie case. The Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts affirmed the Civil Court’s order. The Appellate Term concluded that the plaintiff failed to establish its prima facie case since the proof of claim forms it submitted constituted inadmissible hearsay and the applicability of the business record exception had not been demonstrated (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 31 Misc 3d 21 [App *52 Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). This Court subsequently granted leave to appeal. Since I agree with the Appellate Term that the plaintiff failed to establish its prima facie case, I would affirm the order appealed from.
Under New York’s no-fault statute, the term “ ‘[f]irst party benefits’ means payments to reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle” (Insurance Law § 5102 [b]). “ ‘Basic economic loss’ means, up to fifty thousand dollars per person” of certain enumerated items including “[a]ll necessary expenses incurred for . . . medical, hospital . . . and prosthetic services” as well as “physical therapy (provided that treatment is rendered pursuant to a referral) and occupational therapy and rehabilitation” (Insurance Law § 5102 [a] [1]).
Here, the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law, since it failed to demonstrate that it is entitled to reimbursement for necessary medical expenses arising from personal injuries sustained from the use or operation of a motor vehicle (see Insurance Law § 5102 [a] [1]; [b]). The Attending Physician Verifications submitted by the plaintiff in support of its motion, intended to function as proof of the plaintiff’s claim, constituted hearsay and were, without more, ineffective to affirmatively demonstrate that the plaintiff was entitled to recover payments of no-fault benefits (see Insurance Law §§ 5102 [a] [1]; 5106 [a]; see also Matter of Carothers v GEICO Indem. Co., 79 AD3d 864, 864-865 [2010]; Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co., 55 AD3d 644 [2008]; cf. Splawn v Lextaj Corp., 197 AD2d 479, 480 [1993]; Prince, Richardson on Evidence § 8-401 [Farrell 11th ed 2008]).
The plaintiffs submissions also were not sufficient to demonstrate the forms’ admissibility as business records.
“To be admissible as a business record, a document must have been made in the regular course of business, and it must have been the regular course of the business to make such a record, at the time of the act, transaction, occurrence, or event recorded, or within a reasonable time thereafter” (Lodato v Greyhawk N. Am., LLC, 39 AD3d 494, 495 [2007]; see CPLR 4518 [a]; People v Kennedy, 68 NY2d 569, 579-580 [1986]).
“In addition, each participant in the chain producing the rec *53 ord, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception” (Matter of Leon RR, 48 NY2d 117, 122 [1979]; see Prince, Richardson on Evidence § 8-305 [Farrell 11th ed 2008]). “Thus, not only must the entrant be under a business duty to record the event, but the informant must be under a contemporaneous business duty to report the occurrence to the entrant as well” (Matter of Leon RR, 48 NY2d at 122-123; see Prince, Richardson on Evidence § 8-307 [Farrell 11th ed 2008]). “[T]he statement is inadmissible hearsay if any of the participants in the chain is acting outside the scope of a business duty” (Matter of Leon RR, 48 NY2d at 123).
Here, the president of the third-party billing services company stated in his affidavit that the Attending Physician Verifications submitted by the plaintiff were created by his company’s computer software program and that the information contained therein was based upon undisclosed and unidentified documents obtained by his company from the plaintiff. The president’s affidavit failed to demonstrate that he had any personal knowledge of the plaintiff’s record-keeping procedures and the affidavit was otherwise insufficient to lay a foundation for the admission of the Attending Physician Verifications under the business records exception to the rule against hearsay (see People v Cratsley, 86 NY2d 81, 90 [1995]; Reiss v Roadhouse Rest., 70 AD3d 1021, 1024-1025 [2010]; Lodato v Greyhawk N. Am,., LLC, 39 AD3d at 495; see also Matter of Leon RR, 48 NY2d at 122-123; Education Resources Inst., Inc. v Piazza, 17 AD3d 513, 515 [2005]; People v Rosa, 156 AD2d 733, 734 [1989]).
The plaintiff nevertheless contends that, in the context of a motion for summary judgment in an action to recover unpaid benefits under the no-fault provisions of the Insurance Law, it is not required to affirmatively set forth substantive proof of its claim in admissible form. The plaintiff argues that it need only show that the insurer had notice of the claim for economic loss since, under the regulatory framework and subsequent case law, an insurer who fails to timely respond to such notice may be precluded from contesting the merits of the plaintiffs claim or from otherwise interposing a defense.
The plaintiffs contention is without merit, since the defendant’s ability to assert a defense does not alter the plaintiffs affirmative burden of proof in the first instance. Contrary to the plaintiff’s contention, neither the Court of Appeals nor this *54 Court has ever previously held that a plaintiff that successfully demonstrates that an insurer should be precluded from interposing a defense is automatically entitled to a money judgment in the amount alleged in the complaint or that such a plaintiff is relieved from proving its prima facie case pursuant to Insurance Law § 5102 (a) (1) and (b).
“Payments of first party benefits and additional first party benefits shall be made as the loss is incurred” (Insurance Law § 5106 [a]). “Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained” {id.). “If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied” {id.).
These statutory provisions were embodied in regulations promulgated by the Superintendent of Insurance (now the Superintendent of the Department of Financial Services), which provide that an individual injured in a motor vehicle accident must, with limited exceptions, provide the relevant insurer with “written notice setting forth details sufficient to identify the eligible injured person, along with reasonably obtainable information regarding the time, place and circumstances of the accident . . . no . . . more than 30 days after the date of the accident” (11 NYCRR 65-1.1 [d]; see New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d 586, 589-590 [2011]). In addition,
“[i]n the case of a claim for health service expenses, the eligible injured person or that person’s assignee . . . shall submit written proof of claim to the [relevant insurer], including full particulars of the nature and extent of the injuries and treatment received and contemplated, as soon as reasonably practicable but, in no event later than 45 days after the date services are rendered” (11 NYCRR 65-1.1 [d]; see New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d at 589-590).
“Within 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part” (11 NYCRR 65-3.8 [c]). “No-Fault benefits are overdue if not paid within 30 calendar days after the insurer receives proof of claim, which shall include verification of all of the relevant information requested pursuant to section 65-3.5 of this Subpart” (11 NYCRR 65-3.8 [a] [1]; see Insurance Law § 5106 [a]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317 [2007]).
*55 Here, the plaintiff rests its position on case law which states that “a carrier that fails to deny a claim within the 30-day period is generally precluded from asserting a defense against payment of the claim” (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 318; see St. Clare’s Hosp. v Allcity Ins. Co., 201 AD2d 718, 720 [1994]; Bennett v State Farm Ins. Co., 147 AD2d 779, 781 [1989]). These cases have also indicated that “a carrier’s failure to seek verification or object to the adequacy of claim forms pursuant to 11 NYCRR 65-3.5 precludes it from interposing any defenses based on such deficiencies” (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 318; see Westchester Med. Ctr. v Safeco Ins. Co. of Am., 40 AD3d 984, 984 [2007]).
However, although the “failure to timely object to the adequacy of the claim forms” may “constitute[ ] a waiver of any defenses based thereon” (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 34 AD3d 532, 532 [2006]), the fact that an insurer may eventually be precluded from asserting a defense against the payment of a claim does not affect the plaintiffs burden of affirmatively establishing, prima facie, the merits of its case in the first instance (see Ops Gen Counsel NY Ins Dept No. 00-01-02 [Jan. 11, 2000]; compare Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d at 563; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 317).
The three cases decided by the Court of Appeals that have applied the preclusion remedy in the no-fault context have not articulated the requirements of a plaintiffs prima facie case (see Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312 [2007]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]). In the first case, the Court of Appeals first recognized the judicially-developed preclusion remedy with respect to a defense of intoxication (see New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d 586 [2011]), determining that, although the Insurance Law did not expressly provide for a remedy of preclusion, “the preclusion analysis that we have employed in . . . other branch[es] of the Insurance Law should also be discretely applicable [to no-fault cases]” (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d at 283; see St. Clare’s Hosp. v Allcity Ins. Co., 201 AD2d at 720; Bennett v State Farm Ins. Co., 147 AD2d at 781). The two most recent cases were focused on the applicability and scope of “lack of coverage” defenses which may be raised in op *56 position to a prima facie case (see Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d at 563; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 317).
The only one of the three cases that discussed the plaintiffs prima facie burden confined its analysis to the plaintiffs initial burden of proving that the first-party benefits had been assigned to it — the only portion of the plaintiffs prima facie case that was contested (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 320). Nothing in any of the three Court of Appeals cases applying the remedy of preclusion call into question the basic principle that a plaintiff must establish its case in the first instance before it is entitled to a judgment, regardless of whether the defendant is permitted to controvert that prima facie case (see Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312 [2007]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]).
This principle is illustrated by reference to similar instances in which a defendant may be prohibited from contesting a plaintiffs position. For instance, where a court undertakes the drastic remedy of striking a defendant’s answer, a plaintiff is not automatically entitled to recover the damages alleged in the complaint (see Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572 [1978]; Levi v Oberlander, 144 AD2d 546, 547 [1988]; see also 6-3126 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3126.12). Rather, a plaintiff must still “submit the requisite proof of the facts constituting the claim by affidavit or complaint verified by a person with knowledge of those facts” (Levi v Oberlander, 144 AD2d 546, 547 [1988]; see Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d at 572).
Similarly, where a defendant has defaulted in appearing or answering a complaint, default judgments are not “rubber-stamped once jurisdiction and a failure to appear have been shown” (Joosten v Gale, 129 AD2d 531, 535 [1987]). Rather, “[s]ome proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action” (id.; see CPLR 3215 [f]; Dupps v Betancourt, 99 AD3d 855, 855 [2012]; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2011]; see also Siegel, NY Prac § 295 at 496-498 [5th ed 2011]). As such, notwithstanding the fact that “defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them,” a plaintiff must nevertheless establish “enough facts to enable a *57 court to determine that a viable cause of action exists” Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]). In order to sustain this burden, a plaintiff must submit evidence from one “with personal knowledge of the relevant facts constituting the claim” (HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [2009]; see Triangle Props. # 2, LLC v Narang, 73 AD3d 1030, 1032 [2010]; Colonial Country Club v Village of Ellenville, 89 AD2d 935 [1982]).
So too, in the context of a claim for no-fault benefits, a plaintiff must establish, through competent proof, its claim for reimbursement of economic loss, regardless of whether a defendant is precluded from interposing a defense to the claim (,see Insurance Law § 5102 [a] [1]; [b]). This requirement is neither drastic nor oppressive. It simply reflects the affirmative burden of proof imposed upon all plaintiffs to prove their case.
Since a plaintiff must make a substantive showing to establish its entitlement to a money judgment in the amount alleged in the complaint, the plaintiffs contentions that it need only establish that the insurer received notice of its proof of claim, and that the Attending Physician Verifications need not be competent to establish the truth of the matter asserted therein, are without merit. This conclusion is supported by the cases decided by this Court that have previously addressed this issue (see Matter of Carothers v GEICO Indem. Co., 79 AD3d at 864-865; Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co., 55 AD3d 644 [2008]; see also Gewuerz and Lebovits, No Fault, No Foul: Litigating First-Party-Benefit Cases—Part II, 66 Brooklyn Barrister [No. 2] 3, 8 [Oct. 2013]).
In Matter of Carothers v GEICO Indem. Co. (79 AD3d 864 [2010] ), this Court affirmed an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, which reversed a judgment of the Civil Court awarding the plaintiff $4,463.17 (24 Mise 3d 19 [2009]). This Court concluded that the plaintiff failed to establish its prima facie entitlement to an award in that amount since the plaintiff’s failure to lay the proper foundation rendered the claim forms inadmissible to prove that the plaintiff sustained economic loss in that amount (79 AD3d 864 [2010]).
Similarly, in Art of Healing Medicine, P.C. (55 AD3d 644 [2008]), this Court concluded that the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law since the billing records were not admissible to prove the fact and amount of the claimed economic loss. The plaintiffs’ *58 motion for summary judgment was properly denied “regardless of the sufficiency of the opposing papers” (id. at 644).
These cases illustrate that, in order to establish, prima facie, entitlement to a judgment as a matter of law in the amount specified in the complaint, a plaintiff seeking to recover first-party no-fault benefits must affirmatively demonstrate that it is entitled to reimbursement for necessary medical expenses arising from personal injuries sustained from the use or operation of a motor vehicle in the amount specified in the complaint (see Insurance Law § 5102 [a] [1]; [b]). This burden may be satisfied by submitting, in admissible form, a properly completed proof of claim form sufficient to bring the claim within the dictates of Insurance Law § 5102 (a) (1) and (b).
The prima facie showing necessary to demonstrate entitlement to a particular money judgment through submission of substantive proof of the economic loss must be distinguished from the prima facie showing necessary to demonstrate that the remedy of preclusion is warranted. In this regard, a plaintiff may establish, prima facie, that it is entitled to the remedy of preclusion by establishing that a proof of claim form was mailed to and received by the relevant insurance carrier, and that payment of no-fault benefits was overdue (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 317; Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d 1081, 1082 [2011]). Since a plaintiff may demonstrate that it is entitled to the remedy of preclusion merely by showing that the insurer had notice of its submitted proof of claim, the proof of claim forms submitted for this purpose need not be admissible for the truth of the matter asserted therein (see Splawn v Lextaj Corp., 197 AD2d at 480; compare Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d at 1082).
It must be acknowledged that this Court’s determinations in Matter of Carothers v GEICO Indem. Co. (79 AD3d 864 [2010]) and Art of Healing Medicine, P.C. (55 AD3d 644 [2008]) are contrary to the position advanced by the plaintiff and accepted by the majority. The majority now overrules those precedents. The majority relies upon a line of cases which, in its view, indicates that a prima facie showing of entitlement to judgment as a matter of law in the amount specified in the complaint may be established by showing that the insurer had notice of the proof of claim forms and that the payment of no-fault benefits was overdue (see Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d at 1082; Westchester Med. Ctr. v GMAC Ins. Co. On *59 line, Inc., 80 AD3d 603, 604 [2011]; New York & Presbyt. Hosp. v Countrywide Ins. Co., 44 AD3d 729, 730 [2007]; New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547, 547 [2006]).
However, these cases merely reflect the standard under which a plaintiff may establish, prima facie, that it is entitled to the remedy of preclusion. They do not represent the ultimate burden of proof which must be satisfied before a plaintiff may recover the economic loss alleged in the complaint, as that standard is governed by statute (see Insurance Law § 5102 [a] [1]; [b]). In any event, to the extent that this line of cases is in conflict with Matter of Carothers v GEICO Indem. Co. (79 AD3d 864 [2010]) and Art of Healing Medicine, P.C. (55 AD3d 644 [2008]), the latter cases, which are consistent with the basic legal principle that a plaintiff must establish its substantive case in the first instance through evidence in admissible form, represent the better approach and should be retained.
Any suggestion that my analysis would require a claimant to prove the merits of its claim prior to triggering the 30-day period pursuant to Insurance Law § 5106 (a) misapprehends my position. As I have previously indicated, an insurer’s failure to timely controvert the “proof of the fact and amount of the loss sustained” submitted by a claimant pursuant to Insurance Law § 5106 (a) may preclude an insurer from controverting the merits of a claim in subsequent litigation. However, the penalty of preclusion does not eliminate the plaintiffs ultimate burden of proof as established by Insurance Law § 5102 (a) (1) and (b). The proof of claim referred to in Insurance Law § 5106 (a) which triggers an insurer’s duty to respond must not be confused with the plaintiffs ultimate burden which must be satisfied before it is entitled to a money judgment, as that burden is imposed by Insurance Law § 5102 (a) (1) and (b).
The majority and I are in agreement as to the manner in which a plaintiff may establish that preclusion is warranted as provided under this Court’s case law (see e.g. Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d at 1082). We disagree as to the effect of this remedy. I cannot agree that the remedy goes beyond precluding an insurer from controverting a plaintiffs prima facie case so that a plaintiff may automatically recover on the basis of nothing more than mere allegation. Such automatic recovery leaves an insurer in a position that is actually worse than that of a party that has defaulted. In my view, the penalty of preclusion operates here to preclude an insurer from putting on a case, and, consequentially, from opposing a *60 summary judgment motion. Such a penalty is still a “drastic” one (Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739 [2012]), and is sufficient to protect the policy interest of promoting “ ‘a tightly timed process of claim, disputation and payment’ ” (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 319, quoting Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 281 [1997]), without frustrating the other core objectives of the statute, “to reduce the burden on the courts and to provide substantial premium savings to New York motorists” (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [2003]), by inviting even more fraud.
Here, as previously noted, the plaintiffs submissions are not competent to establish the facts asserted by the third-party billing company in the Attending Physician Verifications (i.e., they are not competent to establish that the procedures and services documented therein were actually rendered, causally related to the accident, and medically necessary). Since the plaintiff’s submissions are only adequate to establish that the insurer had notice of the plaintiffs claim, they are only competent to establish that the plaintiff is entitled to the remedy of preclusion (see Westchester Med. Ctr. v Progressive Cas. Ins. Co., 89 AD3d at 1082; Westchester Med. Ctr. v GMAC Ins. Co. Online, Inc., 80 AD3d at 604; New York & Presbyt. Hosp. v Countrywide Ins. Co., 44 AD3d at 730; New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d at 547).
Since the plaintiff failed to affirmatively set forth its proof of claim through the submission of evidence in admissible form demonstrating that the insured suffered economic loss in the amount of $6,130.70 (see Matter of Carothers v GEICO Indem. Co., 79 AD3d at 864-865; Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co., 55 AD3d 644 [2008]), that branch of its motion which was for judgment as a matter of law in the amount of $6,130.70 was properly denied, regardless of the sufficiency, or the existence, of the defendant’s opposition thereto (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; accord Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568, 572 [1978]).
Given the devastating financial effect that no-fault fraud has had on New York drivers and its impact on legitimate claims, it is all the more imperative that potential claimants comply with the basic principles surrounding the burden of proof imposed *61 upon all plaintiffs. An abrogation of this requirement invites claims for services that were neither medically necessary nor actually performed. The majority’s expansion of the preclusion remedy so as to reduce a plaintiff’s prima facie burden in abrogation of Insurance Law § 5102 (a) (1) and (b), while motivated by the laudable policy objective of speeding resolution of claims, overlooks the more fundamental policy objectives embodied in the burden of production required of all who seek a judgment from a court. In any event, the drastic expansion of a court-made rule that is in conflict with the basic precepts of burden-shifting and the underlying statutory scheme will do little to speed the resolution of claims, as it will simply embolden the fraudulent billers that already have clogged the system and increase the difficulty in identifying and separating legitimate claims from fraudulent ones. Under such a framework, if fraud is actually discovered, the billing services companies and medical providers will be in position to point their fingers at one another, each claiming to have no knowledge of the allegedly fraudulent acts of the other (see e.g. Matter of Tsirelman v Daines, 61 AD3d 1128 [2009]). There is no reason to abide such a result, particularly where it is at odds with our legal system’s most basic principle that a party seeking legal redress must affirmatively prove its case in court before that court will exercise its authority to award judgment.
Ordered that the order dated February 1, 2011, is modified, on the law, by deleting the provision thereof affirming the order dated March 6, 2009, and substituting therefor a provision modifying the order dated March 6, 2009, by deleting the provision thereof denying that branch of the plaintiffs motion which was for summary judgment on the complaint, and substituting therefor a provision granting that branch of the motion, except as to the claim dated November 17, 2004, in the amount of $139; as so modified, the order dated February 1, 2011, is affirmed, with costs to the plaintiff, and the matter is remitted to the Civil Court, Kings County, to calculate the amount owed to the plaintiff for no-fault benefits, and to determine whether the plaintiff is entitled to statutory interest and attorney’s fees (see Insurance Law § 5106 [a]; 11 NYCRR 65-4.6).
Angiolillo and Dickerson, JJ., concur with Rivera, J.P; Miller, J., dissents in a separate opinion in which Hall, J., concurs.