Tam Medical Supply Corp. as Assignee of SAUVEUR CABROUET, Appellant,
against
21st Century Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered December 17, 2013. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.
Plaintiff's moving papers failed to establish either that defendant had failed to deny the claim within the requisite 30-day period or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d, 11th & 13th Jud Dists 2011]). Consequently, contrary to plaintiff's contention, plaintiff failed to establish a prima facie case, and the burden never shifted to defendant.
Defendant, in support of its cross motion, failed to demonstrate that it is not precluded from asserting the defense of fraudulent procurement of the policy, as defendant failed to establish that it had timely denied plaintiff's claim (see Westchester Med. Ctr. v GMAC Ins. Co. Online, Inc., 80 AD3d 603 [2011]; Gutierrez v United Servs. Auto. Assn., 47 Misc 3d 152[A], 2015 NY Slip Op 50797[U] [App Term, 2d, 11th & 13th Jud Dists 2015]). Thus, defendant is not entitled to summary judgment on that ground. To the extent defendant also sought summary judgment on the ground of lack of coverage, a defense which is not subject to preclusion (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), defendant's proffered evidence was insufficient to establish, as a matter of law, that the assignor's alleged injuries did not arise from an insured incident so as to warrant the dismissal of the complaint (see Central Gen. Hosp., 90 NY2d at 199; Infinity Health Prods., Ltd. v American Tr. Ins. Co., 30 Misc 3d 137[A], 2011 NY Slip Op 50195[U] [App Term, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied. 
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: March 23, 2016